IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION FILE |
| | )  NO. |
| CARSON LOOP ESM, LLC d/b/a | ) |
| BUDGETEL, and SRINIVAS | ) |
| BOLLEPALLI, | ) |
| | ) |
|     Defendants. | ) |

## **COMPLAINT FOR DAMAGES**

COMES NOW Plaintiff in the above-styled action and hereby files her

Complaint as follows:

1.

This case arises out of the sex trafficking of Plaintiff S.T. at Defendants'

hotel, the Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121

("Budgetel").  Given the nature of the case, S.T. is identified in this Complaint

only by her initials to prevent public disclosure of her name.  Plaintiff's counsel

has either previously disclosed S.T.'s full name to defense counsel or will

immediately upon identification of counsel.  Upon information and belief, all

parties consent to proceeding by using S.T.'s initials.[1]

2.

S.T., and many other women, were trafficked for sex and labor *by the*

*manager of the Budgetel*, Shreesh Tiwari, who was convicted and sentenced in

2023 for the labor and sex trafficking of at least eight women at the hotel over the

course of a year.[2] Tiwari hired some women and threatened the loss of their jobs,

homelessness, arrest, and other repercussions in order to force the women into

having sex with himself and others at the hotel. Tiwari maintained a room near the

---

[1] Contemporaneously with this Complaint, Plaintiff filed a Motion for Protective Order and Leave to Proceed Anonymously based on the nature of the allegations in the Complaint, which include sex trafficking, are intimate and personal in nature, as well as for S.T.'s own personal safety.

[2] *Former Cartersville Motel Manager Sentenced for Trafficking, Forced Labor*, Fox 5 Atlanta (Dec. 8, 2023) https://www.fox5atlanta.com/news/former-cartersville-motel-manager-sentenced-for-trafficking-forced-labor; *Cartersville Motel Mgr. Sentenced for Trafficking and Forced Labor of Victim*, Coosa Valley News (Dec. 8, 2023) https://coosavalleynews.com/2023/12/cartersville-motel-mgr-sentenced-for-trafficking-and-forced-labor-of-victim/; *Georgia Hotel Owner Who Forced Women to have Sex for Housing Pleads Guilty*, WSBTV (June 30 2023) https://www.wsbtv.com/news/local/bartow-county/georgia-hotel-owner-who-forced-women-have-sex-housing-pleads-guilty/4QPBD5R4VFBE3E3H535PSYPHJ4/; *A Mother Thought She was Getting a Job; a North Georgia Motel Manager Trafficked her Instead*, WSBTV (June 6, 2023) https://www.wsbtv.com/news/local/bartow-county/north-georgia-motel-manager-pleads-guilty-human-trafficking/TO4EUF7JRFG5PJZCV3QKNAA5J4/.

office of the hotel with implements for hitting and beating women while he had sex with them.

3.

This would be shocking enough in isolation, but the Budgetel has a long and sordid history with crime at the hotel. In 2019, almost 200 people were evicted from the hotel after it was shut down by the Georgia Department of Public Health. The hotel has a reputation with the Bartow-Cartersville police forces as "one of the most crime-ridden areas in the county."[3] In 2018 alone, there were more than 190 police incidents at the hotel. By the time the hotel was shut down in October 2019, there had already been 177 police incidents there. Residents with outstanding warrants included one wanted for child pornography.

4.

The Budgetel also has a reputation for crime and prostitution among the Bartow County government. In 2019, when the hotel was shut down, Bartow County Commissioner Steve Taylor stated, "We've had dozens of arrests from drugs and prostitution out there, and the living conditions for those children are horrible. That's the reason for this action to take place now."[4] Taylor went on to

---

[3] Ex. 1, *Families Face Uncertain Future Following Mass Motel Eviction*, The Daily Tribune News (Oct. 18, 2019).
[4] *Id.*

say that no matter where the displaced children ended up, it would be an improvement over the Budgetel.

5.

Incredibly, *after* the hotel was shut down and its rampant crime problem was publicly debated in the media, the hotel installed a sadistic manager to live on the property and who terrorized, threatened, and abused residents, including through the trafficking of S.T.

## **PARTIES, JURISDICTION, AND VENUE**

6.

S.T. is a citizen of the United States of America, is a resident of the State of Georgia, and consents to the jurisdiction of this Court.

7.

At all times relevant to this complaint, Defendants Carson Loop ESM, LLC ("Carson Loop") and Srinivas Bollepalli ("Bollepalli") (collectively, "Defendants") owned, managed, supervised, operated, oversaw, controlled the operation of, and/or were inextricably connected to the renting of rooms at the Budgetel, from which they benefited financially.

4

8.

Carson Loop is a Georgia limited liability company with its principal place of business at 35 Carson Loop NW, Cartersville, Georgia, 30121.  Service can be made on Carson Loop by serving its registered agent Srinivas Bollepalli, 1888 Wilkenson Crossing, Marietta, Georgia 30066.

9.

Jurisdiction and venue are proper as to Carson Loop, and Carson Loop was properly served with process in this action.

10.

Defendant Srinivas Bollepalli is a resident of the State of Georgia and may be served at his personal residence located at 1888 Wilkenson Crossing, Marietta, Georgia 30066.

11.

Jurisdiction and venue are proper as to Bollepalli, and Bollepalli was properly served with process in this action.

12.

This Court has subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 because Plaintiff asserts claims arising under 18 U.S.C. 1595(a), and

pursuant to 28 U.S.C. § 1367 because Plaintiff's state law claims form part of the same case or controversy as her federal law claims.

## 13.

Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claims asserted in this action occurred in Bartow County, Georgia, within the Northern District of Georgia, Rome Division.

## SEX TRAFFICKING ALLEGATIONS

## 14.

Sex trafficking includes recruiting, enticing, harboring, transporting, obtaining, maintaining, patronizing, or soliciting a person for a commercial sex act knowing or in reckless disregard of the fact that force, fraud, or coercion will be used to cause the person to engage in a commercial sex act.  18 U.S.C. § 1591(a), *et seq*.  It also includes financially benefitting from participation in a venture that engages in those violations. *Id.* Plaintiff was a victim of sex trafficking at Defendants' hotel at the hands of Defendants' manager Shreesh Tiwari at all times relevant to this Complaint.

15.

Defendants knew or should have known of the existence of sex trafficking and its illegality since the passage of the Trafficking Victims Protection Act in 2000, and the United Nations' adoption of the Palermo Protocol, to prevent, suppress, and punish trafficking in persons.

16.

Defendants knew or should have known, at least by 2014, that Atlanta was a hub of sex trafficking and that the crime was prevalent in the city, including at Defendants' hotel.  According to a well-publicized study commissioned by the U.S. Department of Justice, Atlanta had one of, if not the, largest illegal sex trafficking economies in the country.  In 2007, Atlanta's sex trafficking economy was worth $290 million annually, and traffickers reported average *weekly* earnings of roughly $33,000.

17.

From approximately April 2021 to May 2021, Plaintiff lived at the Budgetel, where she was an invitee.  Plaintiff lived at the Budgetel as part of her participation in the rapid rehousing program available through the National Alliance to End Homelessness, and Defendants received full payment of Plaintiff's rent in advance. Almost immediately upon her arrival at the Budgetel, Defendants' manager Tiwari

began making inappropriate sexual comments to and about Plaintiff and made sexual advances toward Plaintiff.   He would also frequently slap her backside as she walked past him on the hotel's premises.

18.

Defendants' onsite manager Shreesh Tiwari forced Plaintiff to provide him with her cell phone number when she moved into the Budgetel and shortly thereafter began demanding that she visit the office for obscure reasons.  When Plaintiff arrived at the office, Tiwari made inappropriate sexual comments and sexual advances toward Plaintiff, routinely asked her to eat dinner with him in his car, and forced her to perform oral sex on him, threatening her with eviction if she refused.  If Plaintiff hesitated in response to Tiwari's demands, he would grab Plaintiff's hair and violently force her to perform oral sex on him.

19.

Several weeks after she arrived at the Budgetel, Defendants' manager forced Plaintiff to have sex for money with a truck driver who was also a guest at the hotel, threatening her with eviction if she refused.  Plaintiff complied with Defendants' manager's demands, went to the truck driver's room, accepted drugs from him and performed sex acts on him.  Another female in the room took the money paid by the truck driver for Plaintiff's sexual services and gave it to

Defendants' manager Tiwari.

20.

At all times relevant herein, Defendants' manager Tiwari knew or should have known that prior to living at the Budgetel, Plaintiff struggled with homelessness and drug addiction, had been clean and sober for approximately two years, and was living at the Budgetel in an effort to turn her life around.  Plaintiff's forced sexual encounter with the truck driver at the hands of Defendants' manager resulted in her drug relapse.

21.

Plaintiff eventually escaped and went to a police station, where she reported the horrors that had been inflicted on her at the Budgetel.  The police officer took her report, but when Tiwari learned that she had gone to the police, he evicted her from the hotel, rendering her homeless once again.

22.

Plaintiff's sex trafficker, who was also Defendants' manager, operated openly and brazenly at the Budgetel.  Defendants' manager forced at least 8 other women to perform sexual acts on him and upon others at the Budgetel. This included violent oral sex that caused vomiting, and choking and paddling his victims during sex. Tiwari threatened his victims with eviction and homelessness if

they did not succumb to his demands.

23.

Plaintiff interacted with other hotel staff and Defendant Bollepalli at the Budgetel, who knew or should have known Plaintiff was a victim of sex trafficking occurring at the Budgetel at the hands of Defendants' onsite manager Shreesh Tiwari, yet they negligently did nothing.

24.

Hotel staff were also involved in the trafficking, including a maintenance man who supplied Tiwari's victims, including Plaintiff, with drugs.

25.

There is no dispute that Plaintiff was sex trafficked at the Budgetel.  On or about June 29, 2021, Homeland Security arrested Shreesh Tiwari for sex and labor trafficking at the Budgetel.  On June 1, 2023, he pled guilty to sex trafficking for the trafficking alleged herein at the Budgetel.

26.

Pursuant to O.C.G.A. § 9-3-99, the statute of limitations on Plaintiff's claims has not run, as the prosecution of the criminal actor Shreesh Tiwari in this matter was not finalized until June 1, 2023.

27.

Defendants had actual and constructive knowledge of sex trafficking and other criminal activity existing on the property and in the surrounding area prior to Plaintiff's sex trafficking and sexual assault, yet negligently did nothing.

28.

Defendants had actual or constructive knowledge of publicly available online reviews of the Budgetel reporting widespread prostitution and crime occurring at the hotel.

29.

As a direct and proximate result of Defendants' acts and omissions, S.T. suffered substantial physical, emotional, and psychological harm and other damages.

**<u>DEFENDANTS' ROLES</u>**

30.

At all times relevant hereto, Carson Loop and Bollepalli owned, operated, maintained, controlled, and managed the Budgetel.

31.

The Budgetel was shut down by government officials in October of 2019 due to rampant crime, prostitution, sex trafficking, and health concerns. Despite

their actual and constructive knowledge of these issues at the Budgetel, and their actual and constructive knowledge of the government's closure of the hotel and the reasons for it, Defendants did nothing to address the crime, prostitution, and sex trafficking that was rampant at the Budgetel.

32.

Defendants are directly and vicariously liable for the acts and negligence of Carson Loop and Bollepalli's agents and employees as discussed herein.

33.

Whenever reference is made in this complaint to any act, deed, or conduct of a Defendant, the allegation is that the Defendant engaged in the act, deed, or conduct by or through one or more of its officers, directors, agents, employees, or representatives who was actively engaged in the management, direction, control, or transaction of the ordinary business and affairs of the Defendant.

## COUNT I
## NEGLIGENCE ALLEGATIONS

34.

Plaintiff incorporates Paragraphs 1 through 33 as if fully restated herein verbatim.

35.

Defendants knew or should have known the steps to take to prevent S.T. from being sex trafficked at the Budgetel by its manager, but negligently failed to remedy, prevent or report the trafficking, and negligently hired, trained, retained, and supervised their agents and employees, including manager Shreesh Tiwari.

36.

In spite of their knowledge of the illegal criminal activity at the Budgetel, Defendants negligently failed to implement any measures to protect their invitees, including Plaintiff, from becoming victims of sex trafficking and sexual assault at the Budgetel and continued their venture to profit from the operation of the Budgetel and the sex trafficking and sexual assault incorporated into the Budgetel's daily operations.

37.

Defendants negligently failed to implement policies and procedures to prevent, identify, and deter sex and labor trafficking and other criminal activity in their hotels and to ensure they were not profiting from sex trafficking, as required by the TVPRA and other federal and state law.

38.

At all relevant times, Defendants controlled the operation and management

of the Budgetel and had the legal duty to keep the premises in a state consistent with due regard for the safety of their invitees, including Plaintiff. Defendants breached said duty and failed to act as similarly situated businesses would in like circumstances.

39.

Prior to and including the time when Plaintiff was trafficked at the Budgetel, Defendants negligently maintained, inspected, secured, patrolled, and managed the Budgetel.  Defendants had knowledge, both actual and constructive, of the need to properly maintain, secure, inspect, patrol, and manage the premises, but negligently failed to exercise ordinary care, thereby creating an unreasonable risk of injury to invitees, including Plaintiff.

40.

Defendants had actual and constructive knowledge of the dangerous and hazardous conditions existing at the Budgetel due to the knowledge of their employees and agents and due to the prior criminal activity and dangers associated with the property and surrounding high crime area.

41.

Plaintiff's sex trafficking and sexual assault was foreseeable to Defendants because they knew or should have known about the actual events with Plaintiff,

prior sex trafficking at the hotel, as well as the history of criminal activity at and around the Budgetel and in the surrounding high-crime area. Thus, Defendants owed a duty to invitees like Plaintiff to exercise ordinary care in keeping the premises and approaches safe from criminal activity, especially sex trafficking and sexual assault.

42.

Defendants breached the duty owed to Plaintiff by failing to exercise ordinary care to keep their premises safe pursuant to O.C.G.A. § 51-3-1, and negligently permitting criminal activity, especially sex trafficking, to exist and remain at the Budgetel.

43.

Defendants knew of, or in the exercise of ordinary care, should have known of the dangerous and hazardous conditions existing on the premises, and the failure to maintain, inspect, secure, patrol, and manage the premises, and that these conditions were likely to, and did, result in sex trafficking at the Budgetel and to Plaintiff.

44.

Defendants had actual and constructive knowledge of criminal activity, including sex trafficking, at and around the Budgetel prior to Plaintiff's trafficking.

45.

Despite their actual and constructive knowledge of criminal activity, including sex trafficking, Defendants negligently failed to protect invitees, including Plaintiff, from the risks of sex trafficking and other violent crimes.

46.

Despite their actual and constructive knowledge of criminal activity, Defendants negligently failed to warn Plaintiff or other invitees of the dangers at and around the Budgetel.

47.

Despite their actual and constructive knowledge of sex trafficking and other criminal activity, Defendants negligently failed to maintain adequate security devices and personnel to permit proper use of the property, thereby causing an unreasonable risk of injury to invitees, including Plaintiff.

48.

Despite their actual and constructive knowledge of sex trafficking and other criminal activity, Defendants negligently failed to maintain policies, procedures, or systems of investigating, reporting and warning of sex trafficking and other crimes, and negligently operated and maintained the Budgetel.

49.

Despite their actual and constructive knowledge of criminal activity, Defendants failed to take appropriate action to remedy or reduce the danger to their invitees and allowed the dangerous environment at the Budgetel to worsen and continue to exist unabated, thereby creating a nuisance.

50.

The negligent acts of Shreesh Tiwari and the other employees of Defendants were done in the course and scope of their employment and business and all defendants are directly and vicariously liable for the acts of Tiwari and said employees.

51.

Because Defendants had knowledge of, or in the exercise of reasonable care should have had knowledge of, sex trafficking at the Budgetel and the dangerous environment at and around the subject premises, Defendants are liable for the negligent supervision, hiring, training, and retention of their employees and the entrustment of said property to their agents and employees, including but not limited to manager Shreesh Tiwari. Said negligence proximately caused the damages and injuries to Plaintiff.

52.

Defendants negligently represented to invitees that the Budgetel was properly maintained and that the property was safe.

53.

Defendants were negligent and said negligence proximately caused Plaintiff's injuries in the following ways, to-wit:

a)   Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

b)   Negligently failing to keep the premises in a state of good repair;

c)   Negligently violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance;

d)   Negligently failing to provide appropriate and effective security personnel during Plaintiff's sex trafficking at the hotel;

e)   Negligently failing to properly inspect and maintain the premises;

f)   Negligently failing to properly train and supervise their employees regarding sex trafficking at the hotel;

g)   Negligently failing to properly retain, hire, train, and supervise their employees, including but not limited to Shreesh Tiwari;

h)   Negligently failing to ensure business policies, systems, and security

18

were adequately followed and implemented;

i)      Negligently failing to respond to online reviews and publicly available

information;

j)      Negligently failing to prevent loitering and trespassing;

k)      Negligently failing to remove loiterers and trespassers;

l)      Negligently failing to inspect, patrol, or appropriately monitor the

property;

m)      Negligently failing to provide adequate lighting and employ other

available security measures, personnel, and devices, such as

controlled access, adequate signage, cameras, patrols, inspections,

physical, and other landscaping adjustments, and other measures

available;

n)      Negligently failing to remediate a long history of crime at the

Budgetel and the area nearby;

o)      Negligently failing to warn invitees of known hazards at the property;

p)      Negligently failing to comply with the notice provisions of O.C.G.A.

§ 16-5-47; and

q)      Negligently representing to invitees that the property was safe.

54.

Because Plaintiff was unlawfully detained at the Budgetel by and through Defendants' manager Tiwari's threats, coercion, and isolation of her, causing her to reasonably fear for her physical safety if she did not submit to his demands to remain at the Budgetel, Defendants are liable for Plaintiff's false imprisonment at the Budgetel pursuant to O.C.G.A. § 51-7-20.

55.

Because Defendants' negligent and willful and wanton conduct as described herein proximately caused Plaintiff's severe emotional distress and damages, Defendants are liable to Plaintiff under theories of negligent and intentional infliction of emotional distress.

56.

Each of the foregoing acts and omissions constitute an independent act of negligence on the part of Defendants and one or more or all above stated acts were the proximate causes of the injuries sustained by Plaintiff. Defendants are liable for S.T.'s injuries sustained, pain and suffering, the expenses of treatment and all other elements of damages allowed under the laws of the State of Georgia, including all special, compensatory, incidental, consequential, economic, and punitive damages.

57.

Defendants are liable for the domestic sex trafficking of Plaintiff.

58.

Defendants' negligence discussed in this count was a cause in fact and a proximate cause of Plaintiff's substantial physical, emotional, and psychological harm and other damages.

## **COUNT II**
## **STATUTORY LIABILITY: SEX TRAFFICKING**
## **18 U.S.C. § 1595**

59.

Plaintiff incorporates Paragraphs 1 through 58 as if fully restated herein verbatim.

60.

In violation of the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a), Defendants knowingly benefitted from participation in a venture that Defendants knew or should have known engaged in acts in violation of the TVPRA.

61.

Defendants knowingly benefitted from Plaintiff's sex trafficking by receiving a revenue generated by the operation of the Budgetel, including the

revenue generated for the rooms in which Plaintiff was living and trafficked.

62.

Defendants participated in a hotel venture and knew or should have known that the hotel venture violated the TVPRA.  Defendants further engaged in a sex trafficking venture by and through their employee and manager Shreesh Tiwari, who actively sex trafficked Plaintiff and other victims at the Budgetel during the course and scope of his employment with them, and in providing to Plaintiff's trafficker the necessary venue for Plaintiff's sex trafficking and access to Plaintiff with no supervision.

63.

The venture in which Defendants participated was in or affecting interstate commerce.

64.

Defendants knew or should have known the venture engaged in acts in violation of the TVPRA because Defendants, their agents and representatives, actively participated in Plaintiff's sex trafficking by force, fraud, and coercion at the Budgetel, for a period of a year.

65.

Defendants knew or should have known the venture engaged in acts in violation of the TVPRA because Defendants, their agents and representatives knew or should have known of other sex trafficking and sex crimes at the hotel before and while Plaintiff was trafficked for sex at the Budgetel.

66.

Defendants are directly and vicariously liable under 18 U.S.C. § 1595(a) for the actions of their agents and representatives, to include manager Shreesh Tiwari.

67.

Plaintiff has suffered substantial physical, emotional, and psychological harm and other damages as a direct and proximate result of Defendants' participation in this sex trafficking venture.

68.

Defendants are liable to Plaintiff for her damages in an amount to be proven at trial, including reasonable attorneys' fees and punitive damages under 18 U.S.C. § 1595(a).

69.

All Defendants are jointly and severally liable for damages arising from the indivisible injuries they caused Plaintiff, whose damages were proximately caused

by the acts discussed in this count.

## **DAMAGES**

70.

Plaintiff incorporates Paragraphs 1 through 69 as if fully restated herein verbatim.

71.

As a proximate and foreseeable result of the Defendants' negligence and violations of the TVPRA, Plaintiff sustained personal injuries, mental and emotional pain and suffering, experienced mental anguish, and suffered other damages as will be proven at trial.  Plaintiff brings each and every claim permissible under Georgia and federal law against Defendants for injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia and federal law. Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia and federal law, including, but not limited to:

a)      Personal injuries;

b)      Past, present and future conscious pain and suffering;

c)      Loss of enjoyment of life;

d)      Medical expenses;

e)      Mental anguish and emotional distress;

f)      Loss of past, present, and future wages;

g)      Incidental expenses;

h)      All special, compensatory, economic, punitive, and other damages

permissible under Georgia law and Federal law; and

i)      Consequential damages to be proven at trial.

72.

Plaintiff is entitled to an award of punitive damages without limitation or cap because the actions of Defendants and their employees were willful or wanton and showed an entire want of care, which raises the presumption of a conscious indifference to consequences.

73.

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action.  (O.C.G.A. §§ 13-6-11, 9-11-68(e) and 9-15-14, and 18 U.S.C. § 1595(a)).  Furthermore, Plaintiff is entitled to

all expenses of litigation and attorneys' fees pursuant to all other Federal and Georgia statutory and common laws.

WHEREFORE, Plaintiff prays for a judgment to be awarded to her and against Defendants for the following:

a) Process issue as provided by law;

b) Plaintiff be awarded actual damages in amounts to be shown at trial from the Defendants;

c) Plaintiff be awarded all general, special, compensatory, economic, consequential, punitive and other allowable damages in accordance with the enlightened conscience of an impartial jury from Defendants;

d) Plaintiff be awarded a trial by jury; and

e) Plaintiff have such other relief as this Court deems just and appropriate under the circumstances.

TRIAL BY JURY IS HEREBY DEMANDED.

This 19th day of September, 2024.

*[signatures on following page].*

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

**ANDERSEN, TATE & CARR, P.C.**

/s/ Patrick J. McDonough
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Attorneys for Plaintiff

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing ***Complaint for Damages*** has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA.  Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

<u>/s/ Denise D. Hoying</u>
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710