IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT AND BRIEF IN SUPPORT THEREOF AND REQUEST FOR TRIAL DATE TO DETERMINE PLAINTIFF'S DAMAGES

COMES NOW Plaintiff, and pursuant to Federal Rule of Civil Procedure 55(b)(2), respectfully requests that this Court enter default judgment against Defendants Carson Loop ESM, LLC d/b/a Budgetel and Srinivas Bollepalli and requests that this Court set this case for a jury trial for the purposes of determining Plaintiff's damages, showing this Court as follows:

## FACTUAL BACKGROUND

Plaintiff filed this personal injury, and sex and labor trafficking case on September 19, 2024. Doc. 1. Neither Defendant answered or otherwise made an appearance, so on December 5, 2024 – fifty-eight days after the defendants were

served – Plaintiff filed a Request for Entry of Default. Doc. 6. The Clerk entered default against both Defendants on December 6, 2024. *See*, Docket.

In Plaintiff's Complaint, Plaintiff appropriately pled, and it is not in dispute, that from April 2021 to May 2021, Plaintiff was the victim of sex trafficking at Defendants' hotel, where she was victimized by Defendants' onsite manager Shreesh Tiwari, who was convicted and sentenced in 2023 for sex trafficking Plaintiff and others at the Budgetel. Id., ¶¶ 2, 17, 25. Plaintiff further alleged that she suffered substantial physical, emotional, and psychological harm and other damages as a direct and proximate result of Defendants' acts and omissions. Doc. 1, ¶ 71.

Plaintiff brought her lawsuit against two Defendants—Carson Loop ESM, LLC d/b/a Budgetel, and Srinivas Bollepalli—because they owned, operated, maintained, controlled, and managed the subject Budgetel on a day-to-day basis. Id., ¶ 30. These are the same Defendants who negligently hired, trained, retained, and supervised Shreesh Tiwari during the time that he trafficked Plaintiff at the subject Budgetel. Id., ¶ 55.

**A. Plaintiff's Trafficking at the Budgetel.**

In her Complaint, Plaintiff appropriately and properly pled that she lived at the Budgetel from April 2021 to May 2021, where she was an invitee. Id., ¶ 17.

Defendants' manager Tiwari knew or should have known that prior to living at the Budgetel, Plaintiff struggled with homelessness and drug addiction, had been clean and sober for approximately two years, and was living at the Budgetel in an effort to turn her life around. Id., ¶ 20. Plaintiff lived at the Budgetel as part of her participation in the rapid rehousing program available through the National Alliance to End Homelessness, and Defendants received full payment of Plaintiff's rent in advance. Id., ¶ 17. Almost immediately upon her arrival at the Budgetel, Defendants' manager Tiwari began making inappropriate sexual comments to and about Plaintiff and made sexual advances toward Plaintiff. Id. He would also frequently slap her backside as she walked past him on the hotel's premises. Id.

Defendants' onsite manager Shreesh Tiwari forced Plaintiff to provide him with her cell phone number when she moved into the Budgetel and shortly thereafter began demanding that she visit the office for obscure reasons. Id., ¶ 18. When Plaintiff arrived at the office, Tiwari made inappropriate sexual comments and sexual advances toward Plaintiff, routinely asked her to eat dinner with him in his car, and forced her to perform oral sex on him, threatening her with eviction if she refused. Id. If Plaintiff hesitated in response to Tiwari's demands, he would grab Plaintiff's hair and violently force her to perform oral sex on him. Id.

Several weeks after she arrived at the Budgetel, Defendants' manager forced Plaintiff to have sex for money with a truck driver who was also a guest at the hotel, threatening her with eviction if she refused. Id., ¶ 19. Plaintiff complied with Defendants' manager's demands, went to the truck driver's room, accepted drugs from him and performed sex acts on him. Id. Another female in the room took the money paid by the truck driver for Plaintiff's sexual services and gave it to Defendants' manager Tiwari. Id. Plaintiff's forced sexual encounter with the truck driver at the hands of Defendants' manager resulted in her drug relapse. Id., ¶ 20.

Plaintiff's trafficker, who was also Defendants' manager, operated openly and brazenly at the Budgetel. Id., ¶ 22. Defendants' manager forced at least 8 other women to perform sexual acts on him and upon others at the Budgetel. Id. This included violent oral sex that caused vomiting, and choking and paddling his victims during sex. Id. Tiwari threatened his victims with eviction and homelessness if they did not succumb to his demands. Id. Tiwari maintained a room near the office of the hotel with implements for hitting and beating women while he had sex with them. Id., ¶ 2.

Plaintiff interacted with other hotel staff and Defendant Bollepalli at the Budgetel, who knew or should have known Plaintiff was a victim of sex and labor

4

trafficking occurring at the Budgetel at the hands of Defendants' onsite manager Shreesh Tiwari, yet they did nothing. Id., ¶ 23. Other hotel staff were also involved in the trafficking, including a maintenance man who supplied Tiwari's victims with drugs. Id., ¶ 24. The acts of Shreesh Tiwari and the other employees of Defendants were done in the course and scope of their employment and Defendants' business. Id., ¶ 50.

Plaintiff eventually escaped and went to a police station, where she reported the horrors that had been inflicted on her at the Budgetel. Id., ¶ 21. The police officer took her report, but when Tiwari learned that she had gone to the police, he evicted her from the hotel, rendering her homeless once again. Id.

On or about June 29, 2021, Homeland Security arrested Shreesh Tiwari for sex and labor trafficking at the Budgetel. Id., ¶ 25. On June 1, 2023, Tiwari pled guilty to the trafficking at the Budgetel as alleged in Plaintiff's Complaint. Id.

### B. Defendants' Knowledge that Trafficking and Other Crimes were Rampant at the Budgetel.

In her Complaint, Plaintiff appropriately pled that prior to her trafficking at the Budgetel, in 2018 alone, there were more than 190 police incidents at the Budgetel. Id., ¶ 3. By October of 2019, there had already been 177 police incidents at the Budgetel in that calendar year. Id., ¶ 3. Then, in October of 2019, the Budgetel was shut down by government officials due to rampant crime,

prostitution, sex trafficking, and health concerns. Id., ¶ 31. Residents with outstanding warrants at the time of the government shut down included one wanted for child pornography. Id., ¶ 3.

The Budgetel also has a reputation for crime and prostitution among the Bartow County government. Id., ¶ 4. In 2019, when the hotel was shut down, Bartow County Commissioner Steve Taylor stated, "We've had dozens of arrests from drugs and prostitution out there, and the living conditions for those children are horrible. That's the reason for this action to take place now." Id., ¶ 4. Taylor went on to say that no matter where the displaced children ended up, it would be an improvement over the Budgetel. Id., ¶ 4. The Budgetel also has a reputation with the Bartow-Cartersville police forces as "one of the most crime-ridden areas in the county." Id., ¶ 3.

Despite their actual and constructive knowledge of these issues at the Budgetel, and their actual and constructive knowledge of the government's closure of the hotel and the reasons for it, Defendants did nothing to address the crime, prostitution, and trafficking that was rampant at the Budgetel. Id., ¶ 31. Incredibly, *after* the hotel was shut down and its rampant crime problem was publicly debated in the media, the hotel installed a sadistic manager to live on the

property who terrorized, threatened, and abused residents, including through the trafficking of Plaintiff.  Id., ¶ 5.

Plaintiff appropriately and properly pled that, despite Defendants' knowledge of these issues, they failed to implement any measures to protect their invitees, including Plaintiff, from becoming victims of sex trafficking and sexual assault at the Budgetel, and continued their venture to profit from the operation of the Budgetel and the sex trafficking and sexual assault incorporated into the Budgetel's daily operations.  Id., ¶ 36.  As properly alleged in Plaintiff's Complaint, Plaintiff S.T. suffered substantial physical, emotional, and psychological harm and other damages as a direct and proximate result of Defendants' acts and omissions.  Id., ¶¶ 29, 58, 67, 71.

Because Plaintiff has alleged specific, clear, and detailed facts stating and supporting her causes of action against Defendants, because default has been entered against Defendants, and for the reasons stated below, Plaintiff respectfully requests that, pursuant to Federal Rule of Civil Procedure 55(b)(2), this Court enter default judgment against Defendants and pursuant to Plaintiff's demand for jury trial in her Complaint, schedule this case for a jury trial for the purposes of determining Plaintiff's damages.  Doc. 1.

## ARGUMENT AND CITATION TO AUTHORITY

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Thereafter, in cases not involving a sum certain or a sum that can be made certain by computation, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

Following default, the factual allegations of the plaintiff's complaint are deemed to be admitted. *U.S. v. Ruetz*, 334 Fed. Appx. 294, 295 (11th Cir. 2009) (citing *Nishimatsu Constr. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). After default is entered, all well-plead factual allegations in the complaint other than those pertaining to damages must be accepted as true. *In re Int'l Telemedia Assocs., Inc.*, 245 B.R. 713, 723 (Bankr. N.D. Ga. 2000)(citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975); *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987); and 10A Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 2688 (3d ed. 1998)). *See also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied").

"When considering a motion for default judgment, a court must investigate the legal sufficiency of the allegations and ensure that the complaint states a plausible claim for relief." *Hill for Credit Nation Cap., LLC v. Duscio*, 292 F. Supp. 3d 1370, 1375 (N.D. Ga. 2018). "If 'the plaintiff has alleged sufficient facts to state a plausible claim for relief,' a motion for default judgment is warranted." *Id*. at 1375–76 (citing *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015)).

Here, Plaintiff's Complaint states detailed, fact-specific, and substantive causes of action against the Defendants for negligence, including but not limited to for their failure to use ordinary care to keep the premises safe pursuant to O.C.G.A. § 51-3-1, for creating and maintaining a nuisance pursuant to O.C.G.A. § 41-1-1, for their false imprisonment of Plaintiff pursuant to O.C.G.A. § 51-7-20, and for negligent and intentional infliction of emotional distress as to Plaintiff. Plaintiff's status as an invitee and the nonexistent supervision that allowed a sex trafficker free reign over vulnerable guests at the hotel, more than satisfies the elements of each of those claims. Likewise, Plaintiff has properly pled a detailed and factual cause of action for Plaintiff's sex trafficking pursuant to 18 U.S.C. § 1595.[1]

---

[1] Plaintiff's attorneys reviewed 134 civil sex trafficking opinions under § 1595—believed to be *all* of the relevant opinions in the country—and found no case holding that employee involvement in a plaintiff's trafficking did not satisfy the

Finally, Plaintiff's claim for attorneys' fees and punitive damages are also appropriate, as is the default judgment as to both Defendants.

As Plaintiff's damages are unliquidated, Plaintiff hereby reiterates her demand for jury trial as set forth in her Complaint, with the only issue remaining for the jury's consideration being the extent of Plaintiff's damages.  *See*, Fed. R. Civ. P. 38 ("The right of trial by jury as declared by the Seventh Amendment to the Constitution—or as provided by a federal statute—is preserved to the parties inviolate.").  Because Plaintiff properly demanded a jury trial in her Complaint, and that demand has not been withdrawn by consent of all parties, Plaintiff is entitled to a jury trial on all remaining issues, pursuant to the Seventh Amendment to the U.S. Constitution.  *See also*, *Brown v. Ramada Birmingham Airport*, No. 2:17-CV-01671-RDP, 2018 WL 1609632, at *3 (N.D. Ala. Apr. 3, 2018).

---

elements of a § 1595(a) claim. *See, e.g., A.G. v. Northbrook Indus., Inc.*, No. 1:20-CV-05231-JPB, 2022 WL 1644921 (N.D. Ga. May 24, 2022); *G.W. v. Northbrook Indus., Inc.*, No. 1:20-CV-05232-JPB, 2024 WL 3166083 (N.D. Ga. June 14, 2024); *Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714 (11th Cir. 2021); *I.R. v. I Shri Khodiyar, LLC*, No. 1:22-CV-00844-SEG, 2024 WL 1928755 (N.D. Ga. Mar. 18, 2024); *Does 1-4 v. Red Roof Inns, Inc.*, 688 F. Supp. 3d 1247 (N.D. Ga. 2023); *Doe (R.A.) v. Best W. Int'l*, No. 2:23-CV-3459, 2024 WL 3850958 (S.D. Ohio Aug. 16, 2024); *Doe (S.A.S.) v. ESA P Portfolio LLC*, No. 3:23-CV-06038-TMC, 2024 WL 3276417 (W.D. Wash. July 2, 2024); *A.M. v. Wyndham Hotels & Resorts, Inc.*, No. 2:22-CV-3797, 2024 WL 1347301 (S.D. Ohio Mar. 29, 2024); *S. Y. v. Best W. Int'l, Inc.*, No. 2:20-CV-616-JES-MRM, 2021 WL 2315073 (M.D. Fla. June 7, 2021).

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that this Court enter default judgment against the Defendants and set this case for a jury trial for the purposes of determining Plaintiff's damages. A proposed Order is attached hereto.

This 9th day of December, 2024.

    Respectfully submitted,

    **LAW & MORAN**

    /s/ Denise D. Hoying
    Peter A. Law
    Georgia Bar No. 439655
    pete@lawmoran.com
    E. Michael Moran
    Georgia Bar No. 521602
    mike@lawmoran.com
    Denise D. Hoying
    Georgia Bar No. 236494
    denise@lawmoran.com
    Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

**ANDERSEN, TATE & CARR, P.C.**

/s/ Patrick J. McDonough
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Attorneys for Plaintiff

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing ***Plaintiff's Motion for Default Judgment and Brief in Support Thereof and Request for Trial Date*** has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., ) <br> ) <br>    Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CARSON LOOP ESM, LLC d/b/a ) <br> BUDGETEL, and SRINIVAS ) <br> BOLLEPALLI, ) <br> ) <br>    Defendants. ) | CIVIL ACTION FILE <br> NO. 4:24-CV-00225-WMR |

## **ORDER**

IT IS HEREBY ORDERED AND ADJUDGED that Plaintiff's Motion for Default Judgment is GRANTED.

IT IS FURTHER ORDERED that this case will be called for jury trial on Plaintiff's damages at the following date and time: _____.

SO ORDERED, this _____ day of _____, 2024.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T.,                      ) | |
|                            ) | |
|    Plaintiff,      ) | |
|                            ) | |
| v.                         ) | CIVIL ACTION FILE |
|                            ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS     ) | |
| BOLLEPALLI,                ) | |
|                            ) | |
|    Defendants.     ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing ***Plaintiff's Motion for Default Judgment and Brief in Support Thereof, and Request for Trial Date*** by US Mail to the following registered agent of record:

Srinivas Bollepalli
1888 Wilkenson Crossing
Marietta, Georgia 30066

This 9th day of December, 2024.

**LAW & MORAN**

/s/ Denise D. Hoying
Denise D. Hoying
Georgia Bar No. 236494

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
(404) 814-3700