# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| S.T., <br><br> Plaintiff, <br><br> v. <br><br> CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI, <br><br> Defendants. | CIVIL ACTION FILE NO: 4:24-CV-00225-WMR <br><br> **JURY TRIAL DEMANDED** |

## DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT

COMES NOW, Defendants CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI through their counsel, and pursuant to N.D. Ga. LR 7.1(B) hereby submit their Response in Opposition to Plaintiff's Motion for Default Judgment, in support of which Defendants rely upon the accompanying Affidavit and all facts and pleadings of record, respectfully showing the following:

### INTRODUCTION

This case, as was its companion case <u>A.H. v. Carson Loop, et al.</u>, 4:24-cv-00224 (hereinafter "A.H.," "the companion case") was until recently,is in default not because the Defendant, Mr. Bollepalli, was willfully or intentionally contemptuous

of this Court's deadlines; instead, when served with process, he promptly took action, and continued to do so. **Within two days of service**, Bollepalli did **what any reasonable non-attorney layperson would do**: he turned over the suit documents to his insurance agent and asked for a claim to be opened. The resulting delay arose when the claim was denied only a week out from the Answer due date (a denial Mr. Bollepalli contested and continues to contest), leaving him not only without counsel, but without the ability to *pay* his own counsel, for which he relied (or so he thought he could rely) on his insurance coverage.

Bollepalli is not an attorney and has no legal knowledge. (Affidavit of Srivinas Bollepalli ("Bollepalli Aff."), ¶ 11). He was served with this suit on October 8, 2024. (See Proof of Service, Doc. 5-2). A mere two days later, Bollepalli turned over the suit to his insurance agent, Kent Bates, and requested that Bates open a claim. (Affidavit of Srivinas Bollepalli ("Bollepalli Aff."), ). In the following weeks, Bollepalli followed up with Bates by phone to ask the status of the claim and for further instruction, but was not advised further until October 22, 2024, that his insurance carrier, Ategrity, had denied the claim. (Id., ¶ 4). This left the Defendants without legal counsel, as well as without the insurance funds they needed to pay for an attorney. (Id., ¶ 5). Bollepalli himself reached out to Plaintiff's counsel on October 25, 2024, to try to figure out what to do with this suit; but he was not advised and, instead, simply told he needed to get a lawyer. (Id., ¶ 6).

In the meantime, the deadline to file an Answer, October 29, 2024, came and went. In the ensuing weeks, Bollepalli was at the mercy of his insurance carriers in both this and the companion case, A.H. Following the denial of coverage pertaining to this case, and continuing into December 2024, Bollepalli had multiple conversations both with the agent and the carrier inquiring as to why coverage was denied and whether he would be receiving legal counsel. (Id., ¶ 8). Bollepalli believed that denial of coverage was being reconsidered and that, if the denial was rescinded, he would be assigned counsel for his defense, to be paid for by the carrier. Id.).

Bollepalli's contest of the coverage denial still has not been resolved. (Id., ¶ 9). As a result, Bollepalli retained the undersigned Counsel on January 10, 2024, at his own expense, for the purposes of addressing the procedural posture of this case and seeking to open default. (Id., 10). He is prepared to cooperate in defense and, should default judgment be denied, default opened, and the matter continue, is prepared to observe the applicable deadlines. (Id., ¶ 11).

As it relates, this Court previously granted from the bench these same Defendants' motion to open default, and denied Plaintiff's default judgment motion, in the companion case A.H. under the shared circumstances under which this litigation was handled, on January 7, 2024, and an Order to that effect is pending at the time of this filing.

## ARGUMENT AND CITATION OF AUTHORITY

I. **The Balance Of Factors Considered For Good Cause To Open Default Militates Against Default Judgment And In Favor Of Opening Default**

Courts generally view defaults with disfavor due to the "strong policy of determining cases on their merits." In re Worldwide Web Sys., Inc., 328 F.3d 1291, 1295 (11th Cir. 2003).

This Court has recently laid out the standard for opening default thus:

Federal Rule of Civil Procedure 55(c) provides that a court "may set aside an entry of default for good cause." The good cause standard is " 'mutable' " and " 'var[ies] from situation to situation.' " Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion, 88 F.3d 948, 951 (11th Cir. 1996) (quoting Coon v. Grenier, 867 F.2d 73, 76 (1st Cir. 1989)). Although the standard is " 'a liberal one,' " it is " 'not so elastic as to be devoid of substance.' " Id. (quoting Coon, 867 F.2d at 76). To determine whether good cause exists, courts consider "whether the default was culpable or willful, whether setting it aside would prejudice the adversary, and whether the defaulting party presents a meritorious defense." Id. Courts may look to other factors, too, such as "whether the public interest was implicated, whether there was significant financial loss to the defaulting party, and whether the defaulting party acted promptly to correct the default." Id. "Whatever factors are employed, the imperative is that they be regarded simply as a means of identifying circumstances which warrant the finding of 'good cause' to set aside a default." Id. (quoting Dierschke v. O'Cheskey, 975 F.2d 181, 184 (5th Cir. 1992)). In sum, "a district court may set aside an entry of default only if the defaulting party can provide a good reason for the district court to do so." Afr. Methodist Episcopal Church, Inc. v. Ward, 185 F.3d 1201, 1202 (11th Cir. 1999).

<u>McCullough v. Sixt Rent a Car, LLC</u>, No. 1:24-CV-01331-JPB, 2024 WL 4647932, at *1 (N.D. Ga. Oct. 30, 2024)

The "good cause" inquiry in opening default does not end with determining whether a party knew or should have known of an Answer deadline, and establishing that he missed it. It is a multi-factor, holistic consideration that considers the balance of equities and the scope of potential injury from entering or lifting default in each respective case. Instead, it is "mutable" and "var[ies] from situation to situation." <u>Compania Interamericana Export-Import, S.A. v. Compania Dominicana de Aviacion</u>, 88 F.3d 948, 951 (11th Cir. 1996) (citation and quotation omitted) (ultimately upholding District Court's entry of default only after corporate defendant for a matter of months repeatedly failed to timely respond to discovery requests and failed to obey court order to retain counsel).

The "good cause" analysis "does not require that each factor be satisfied… [I]nadvertent mistake, prompt action to correct [] default, and the lack of prejudice are sufficient to show good cause." <u>Sherrard v. Macy's Sys. & Tech. Inc.</u>, 724 F. App'x 736, 739 (11th Cir. 2018) (upholding District Court's vacating entry of default on good cause shown, where counsel was not aware of service until a month after it had been effectuated and where prompt corrective action was taken in motion to set aside default was filed three days after Clerk's entry thereof).

Here, Bollepalli did what any reasonable layperson would: on receiving notice of a suit against him, he turned it over to his insurer. And he did not rest there. He actively inquired to the insurer about the status of his claim, and even went so far as

to reach out to Plaintiff's counsel to learn more. He actively contested the denial of coverage (once that denial was communicated to him), and has now hired counsel at his own expense for the purpose of addressing the default. This is not a case where a defendant is served with suit and ignores it; Bollepalli's actions show his conscientious efforts to do the right thing.

Additionally, there would be no prejudice to Plaintiff in opening default in this matter and proceeding on the merits. With service being effected on October 8, 2024, the Answer would originally have been due on October 29, 2024—that is, 21 days later. See Fed. R. Civ. P. 12(a)(1)(A)(i). This Motion is filed only some six (6) weeks later, in a matter where Plaintiff has served no discovery requests nor requested any depositions, and where no scheduling order has been entered. (See generally Docket). The only obligation Plaintiff will incur is that she will have to litigate her case rather than secure a default judgment. The prejudice inquiry is concerned prejudice resulting from injuries or delay, "not from having to continue to litigate the case." Sherrard v. Macy's Sys. & Tech, Inc., 724 F.App'x 736, 738 (11th Cir. 2018) (citation and quotation omitted). Therefore, Plaintiff would not be prejudiced by denial of her Motion for Default Judgment.

As it relates, Plaintiff has made a claim for punitive damages. (See Complaint, Doc. 1, ¶ 72). Punitive damages are only awarded for "wanton, willful, or outrageous conduct. Atl. Sounding Co. v. Townsend, 557 U.S. 404, 129 S. Ct. 2561, 2563, 174 L. Ed. 2d 382 (2009). At a damages trial, Plaintiff will have the burden of proving said damages—which, in turn, will require some evidence of "wanton, willful, or

outrageous conduct" on the Defendants' part. That is to say, *even with* default judgment, Plaintiff will nevertheless have to conduct essentially the same discovery on the merits as they otherwise would without default, to determine evidence of the Defendants' knowledge of Tiwari's alleged actions (which knowledge the Defendants deny). In other words, default or no, the length and expense of this case will be the same for the Plaintiffs—hence, another reason there is no prejudice to their having to litigate their claims.

The Defendants also present a meritorious defense—namely that the evidence will show that Bollepalli had no actual or constructive knowledge of the alleged criminal acts of Shreesh Tiwari as described in the Complaint, since Bollepalli had no such personal knowledge and no reports of the alleged behavior were made to him prior to Tiwari's arrest. (See Bollepalli Aff. ¶ 13). The question of whether the Defendants had actual or constructive knowledge is a central element of this case and a necessary proof which Plaintiff must make in order to prevail (which knowledge, again, Bollepalli attests did not exist). See generally, e.g., J.C. v. Shri Khodivar, LLC, 624 F.Supp.3d 1307 (N.D. Ga. 2022). This case should proceed to establish those merits.

## CONCLUSION

In all: the Defendants have provided a factual explanation for why delay was had, shown how they have acted promptly to correct that delay, demonstrated that their delay was not willful or in reckless disregard of deadlines, and that Plaintiff

will suffer no prejudice from setting aside default. Respectfully, Plaintiff's Motion for Default Judgment should be DENIED.

Respectfully submitted this   10th day of  January  , 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

## LOCAL RULE 7.1(D) CERTIFICATION

Pursuant to N.D. Ga. LR 7.1(D), the undersigned hereby certifies that this Brief complies with the page limitations and type specification of N.D. Ga. LR 5.1.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| S.T.,<br><br>    Plaintiff,<br><br>  v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br>4:24-CV-00225-WMR<br><br><br>**JURY TRIAL DEMANDED** |

## CERTIFICATE OF SERVICE

  I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

| | |
|---|---|
| Peter A. Law, Esq.<br>E. Michael Moran, Esq.<br>Denise D. Hoying, Esq.<br>**LAW & MORAN**<br>563 Spring Street, N.W.<br>Atlanta, GA 30308<br>pete@lawmoran.com<br>mike@lawmoran.com<br>denise@lawmoran.com<br>*Counsel for Plaintiff* | Patrick J. McDonough, Esq.<br>Jonathan S. Tonge, Esq.<br>**ANDERSEN, TATE & CARR, P.C.**<br>One Sugarloaf Centre<br>1960 Satellite Boulevard<br>Suite 400<br>Duluth, GA 30097<br>pmcdonough@atclawfirm.com<br>jtonge@atclawfirm.com<br>*Counsel for Plaintiff* |

Respectfully submitted this 10th day of January, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com