# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| S.T., <br><br> Plaintiff, <br><br> v. <br><br> CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI, <br><br> Defendants. | CIVIL ACTION FILE NO: <br> 4:24-CV-00225-WMR <br><br> **JURY TRIAL DEMANDED** |

## AFFIDAVIT OF SRIVINAS BOLLEPALLI

Personally appeared before me, the undersigned officer duly authorized to administer oaths, Srinivas Bollepalli who states under oath, swears, and avers the following to be true based upon his personal knowledge and/or review of relevant documentation:

1.

My name is Srinivas Bollepalli. I am over the age of 18, a citizen of the United States of America, and I am competent to testify to the matters contained within this Affidavit within my personal knowledge and/or review of pertinent documentation.

2.

I was served with the Complaint in the above-referenced matter on October 8, 2024.

3.

On October 10, 2024, I hand-delivered the suit documents to my insurance agent, Kent Bates, and asked him to open a claim. Mr. Bates advised that he would do so. I expected that my insurance carrier, Ategrity, would assign legal counsel to handle the lawsuit.

4.

Over the following weeks, I inquired by telephone to Mr. Bates about the status of the claim, but was not advised of further developments until October 22, 2024, when Ategrity informed me that they were denying my claim.

5.

Ategrity's denial of my claim left me without the legal counsel I had anticipated would be assigned. This also left me without the insurance funds I needed to pay for an attorney for my defense.

6.

On October 25, 2024, I telephoned Plaintiff's counsel, Denise Hoying, to try to learn more about this suit.

7.

During my telephone conversation with Denise Hoying on October 25, 2024, at no point did Ms. Hoying verbally advise me of applicable legal deadlines, including the deadline to file an Answer, nor did she advise me of the risk or consequences of default judgment. Instead, Ms. Hoying simply recommended that I contact a lawyer.

8.

Following the denial of coverage and continuing into December 2024, I had multiple telephone conversations both with my agent Kent Bates and with Ategrity inquiring as to why coverage was denied and whether I would be receiving legal counsel. I believed that the denial of coverage was being reconsidered and that, if the denial was rescinded, I would be assigned counsel for the defense of this suit on my behalf, to be paid for by the insurance carrier.

9.

I have contested Ategrity's denial of my claim and continue to inquire to them seeking coverage and appointment of counsel under my insurance policy. This issue has not yet been resolved.

10.

On January 10, 2025, I retained Hall Booth Smith, P.C. to act as my legal counsel in this suit for purposes of asking this Court to open default and deny default

judgment against me and Carson Loop, LLC. This is being done at my own expense while I contest the denial of coverage by Ategrity.

11.

I am not an attorney and have no legal training or knowledge.

12.

I had no actual or constructive knowledge of the alleged actions of Shreesh Tiwari as described in the Complaint, prior to Tiwari's arrest.

13.

I am prepared to cooperate in defense of this lawsuit and to observe all legal deadlines.

FURTHER AFFIANT SAITH NOT.

_____01/10/2025
Srinivas Bollepalli

Sworn to and subscribed before me
under penalty of perjury this _____
day of _____, 2025.

_____
         Notary Public

My Commission Expires: _____