IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF'S RESPONSE TO
DEFENDANTS' MOTION TO SET ASIDE DEFAULT**

COMES NOW Plaintiff and, while mindful of the Court's decision in *A.H. v. Carson Loop ESM, LLC d/b/a Budgetel and Srinivas Bollepalli*, 4:24-cv-00224, responds to Defendants' Motion to Set Aside Default. Because defendants' most recent filings raise significant questions and concerns, Plaintiff opposes Defendants' Motion, as set forth below.

FACTS AND CITATION TO AUTHORITY

The Court should deny the Motion to Set Aside Default because the Affidavit submitted by defendants in this case cannot be reconciled with their filings in *A.H. v. Carson Loop ESM, LLC d/b/a Budgetel and Srinivas Bollepalli*, 4:24-cv-00224. Specifically, in the *A.H.* case, Bollepalli and his agent affirmed:

- Bollepalli gave the lawsuit papers to his agent on October 10, 2024, 2 days after he was served. (Ex. A, Bollepalli Affidavit from A.H., ¶ 2, Ex. B, Bates Affidavit from A.H., ¶ 3).
- Bollepalli's agent sent the lawsuit papers to Ategrity Insurance Company and was told on October 21, 2024 that a claim had been set up and an adjuster assigned. (Ex. B, ¶¶ 4-5).
- On October 28, 2024, Bollepalli's agent first learned that Ategrity denied the claim because it fell "outside the policy period." (Ex. B, ¶ 6).
- Bollepalli affirmed that "several weeks" after providing the lawsuit papers to his agent, he learned that his agent had forwarded them to the wrong place. (Ex. A, ¶ 5).

Now, Bollepalli says something very different – that he knew *one day* after receiving the Ategrity claim number and adjuster's name on October 21, 2024 that Ategrity denied his claim. (Ex. C, Emails; Doc. 16-2, ¶ 4). Bollepalli does not say why Ategrity denied his request for indemnity and a defense in this case – just that he was notified on October 22, 2024 (one week before his and Carson Loop's answers were due) that his claim was denied by the insurance company. (Doc. 16-2, ¶ 3).

Bollepalli continues to seek coverage and a defense under the Ategrity insurance policy, but he says nothing about Western World, the insurer providing a defense in *A.H. v. Carson Loop ESM, LLC d/b/a Budgetel and Srinivas Bollepalli*, 4:24-cv-00224, a case which arises out of many of the same operative facts as this case. (Doc. 16-2, ¶ 8). Why are defendants seeking a defense and indemnity from Ategrity but not Western World? Has Bollepalli and/or his agents put all insurers – including excess insurers – on notice of these cases? Defendants don't say. Defendants also don't tell the Court or Plaintiff what other insurance policies Defendants have that would or potentially could provide coverage and a defense to them for Plaintiff's claims, and they have not complied with L.R. 3.3 in either case, where the names of all insurers or potential insurers would be revealed. Plaintiff has requested complete copies of all insurance policies that could potentially provide coverage to Defendants in both cases, but to date, Defendants have not provided their liability policies from October 2020 to December 2021– the time period at issue in this case.

Despite knowing (a week before defendants' answers were due) that Ategrity denied the claim and would not be providing either defendant with an attorney, Bollepalli did nothing other than call the undersigned counsel three days after his claim was denied, who recommended that he hire a lawyer. (Ex. D,

Declaration of D. Hoying, ¶¶ 5-6, Doc. 16-2, ¶ 7). He did not. Instead, he went on vacation for 3 weeks. (Ex. C, Emails). Bollepalli did not take any action to secure legal representation or respond to this lawsuit in any way until after this Court recommended to his lawyers in the *A.H.* case (during the January 7, 2025 hearing) that he act. Defense counsel entered an appearance 3 days later, meaning that defendants could have obtained legal counsel and timely answered after Ategrity denied the claim, if they had made an effort to do so.

Entries of Appearance and Impact on the Case

The entries of appearance filed for defense counsel in this case also raise serious concerns. On January 10, 2025, defense counsel filed a standard entry of appearance on behalf of both defendants. (Doc. 8). Defense counsel then filed the instant Motion, Response to Plaintiff's Motion for Default Judgment, and Answer, along with other filings, on the same day. (Docs. 9–13). Three days later, defense counsel reversed course and filed "Amended Notice of Entry of Special and Limited Appearance", specifically limiting their representation of defendants "until the Court's ruling on Plaintiff's Motion for Default Judgment and/or Defendants' Motion to Open Default, whichever comes first." (Docs. 14, 15).

That means that as soon as this Court rules on the Motions currently before it, Bollepalli and Carson Loop ESM, LLC will immediately again be without

counsel.  While Bollepalli can proceed pro se, Carson Loop ESM, LLC cannot.  *In re Strickland & Davis Int'l, Inc.*, 612 F. App'x 971, 976 (11th Cir. 2015).

So, if the Court grants Defendants' Motion to Set Aside the Default and denies Plaintiff's Motion for Default Judgment, this case will effectively be stayed for the time period that the Court finds reasonable to allow Carson Loop ESM, LLC to obtain counsel.  If it doesn't, Carson Loop ESM, LLC will be in default again.  *United States Sec. & Exch. Comm'n v. White*, No. 1:16-CV-2715-WSD, 2017 WL 11696401, at *2 (N.D. Ga. Jan. 6, 2017).  *See also*, *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1386 (11th Cir. 1985).  This merry-go-round of default is clearly prejudicial to Plaintiff, who served Defendants with the summonses and Complaint nearly 4 months ago and continues to wait for defendants to obtain long term counsel so that her case can proceed.

Based on the foregoing, Plaintiff requests that–if the Court is inclined to grant relief–the Court grant it <u>only</u> as to Defendant Bollepalli individually, and that the Court hold Plaintiff's Motion for Default Judgment as to Carson Loop ESM, LLC, and Defendants' Motion to Set Aside the Default as to Carson Loop ESM, LLC in abeyance, order Carson Loop ESM, LLC to obtain counsel that will remain involved in this case beyond a ruling on the default motions and instruct its counsel to file an entry of appearance within 20 days, and revisit the motions as to

Defendant Carson Loop ESM, LLC after the time period for obtaining counsel has expired.

This 23rd day of January, 2025.

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

**ANDERSEN, TATE & CARR, P.C.**

/s/ Patrick J. McDonough
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com
Jonathan S. Tonge
Georgia Bar No. 303999
jtonge@atclawfirm.com
Attorneys for Plaintiff

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing ***Plaintiff's Response to Defendants' Motion to Set Aside Default*** has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA.  Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

                Respectfully submitted,

                **LAW & MORAN**

                /s/ Denise D. Hoying
                Peter A. Law
                Georgia Bar No. 439655
                pete@lawmoran.com
                E. Michael Moran
                Georgia Bar No. 521602
                mike@lawmoran.com
                Denise D. Hoying
                Georgia Bar No. 236494
                denise@lawmoran.com
                Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing ***Plaintiff's Response in Opposition to Defendants' Motion to Set Aside Default*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to:

Phillip Friduss
Jacob O'Neal
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

This 23rd day of January, 2025.

9

        **LAW & MORAN**

        /s/ Denise D. Hoying
        Denise D. Hoying
        Georgia Bar No. 236494
        denise@lawmoran.com
        Attorney for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710