IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T.,<br><br>    Plaintiff,<br><br>v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI,<br><br>    Defendants. | CIVIL ACTION FILE NO:<br><br>4:24-cv-00225-WMR |

## ORDER

This matter comes before the Court on a Motion to Set Aside Default [Doc. 11, 12] filed by Defendants Carson Loop ESM, LLC d/b/a Budgetel ("Carson Loop") and Srinivas Bollepalli ("Mr. Bollepalli"). Additionally, Plaintiff S.T.'s Motion for Default Judgment [Doc. 7] is pending before the Court. For the reasons set forth herein, Defendants' Motion to Set Aside Default [Doc. 11, 12] is **GRANTED**, and Plaintiff's Motion for Default Judgment [Doc. 7] is **DENIED**.

### I.   FACTUAL BACKGROUND

Plaintiff S.T. filed this suit on September 19, 2024. [Doc. 1]. The Complaint alleges Shreesh Tiwari forced women into having sex with himself and others while

1

Tiwari managed the Budgetel in Cartersville, Georgia, for the Defendants. [*Id.* ¶ 2]. Tiwari plead guilty to federal labor and sex trafficking charges in 2023. [*Id.*]. Plaintiff S.T. resided at the Budgetel and is an alleged victim of Tiwari's practices. [*Id.* ¶¶ 17–21]. The Complaint alleges the Defendants Mr. Bollepalli and Carson Loop, as owners of the Budgetel, had actual and constructive knowledge of Tiwari's conduct. *See, e.g.*, [*Id.* ¶ 27]. Accordingly, the Complaint asserts two causes of action against the Defendants, including (1) negligence; and (2) sex trafficking (18 U.S.C. § 1595(a)). [*Id.* at pp. 12, 21]. Plaintiff S.T. seeks a variety of damages, including punitive damages. [*Id.* ¶¶ 70–73].

Defendants were served process on October 8, 2024, by personal service on Mr. Bollepalli. [Doc. 5-1]; [Doc. 5-2]. Two days later, Mr. Bollepalli turned those documents over to his insurance agent, Kent Bates. [Doc. 11-2 ¶ 3] (Affidavit of Srivinas Bollepalli). Bates turned the suit documents over to Ategrity Insurance ("Ategrity"). Mr. Bollepalli did not receive updates on his claim until October 22, when Ategrity informed him that Ategrity was denying his claim. [*Id.* ¶ 3]. During the following weeks, into December 2024, Mr. Bollepalli had several conversations with Ategrity and Bates to inquire why Ategrity denied coverage and whether Mr. Bollepalli would be receiving legal counsel. [*Id.* ¶ 8]. Mr. Bollepalli asserts he believed Ategrity's decision was being reconsidered during this time. [*Id.*]. Mr.

2

Bollepalli remains in an ongoing dispute with Ategrity and continues to seek coverage of the current suit under the Ategrity insurance policy. [*Id.* ¶ 8].

A few days after Ategrity denied Defendants' insurance claim relating to this suit, on October 25, Mr. Bollepalli called and spoke with Plaintiff's counsel, Denise Hoying. [*Id.* ¶ 6].[1] Ms. Hoying began the call by stating she could not provide Mr. Bollepalli legal advice. [Doc. 18-4 ¶ 5]. Mr. Bollepalli nonetheless told Ms. Hoying that he had been served with her client's suit and asked her how he should proceed. [*Id.*]. Mr. Bollepalli further stated he knew he only had twenty-one days to respond to the Complaint. [*Id.*]. Ms. Hoying asked Mr. Bollepalli if he had forwarded the lawsuit papers to his insurance carrier, and Mr. Bollepalli confirmed he had done so. [*Id.* ¶ 6]. Mr. Bollepalli told Ms. Hoying that Tiwari—the underlying perpetrator of the alleged sex and labor trafficking—was an independent contractor rather than an employee of the Defendants. [*Id.*]. Mr. Bollepalli then included Ms. Hoying in an email chain between Mr. Bollepalli, his insurance agent, and Ategrity. [Doc. 18-3].

During this same timeframe, Mr. Bollepalli had been served with a similar lawsuit filed by the same counsel on behalf of another resident of the Budgetel. *See A.H. v. Carson Loop ESM, LLC*, No. 4:24-cv-00224-WMR (N.D. Ga.). Like this case, the clerk of court had also entered default as to the Defendants in the *A.H.* case.

---

[1] From the filed affidavits, it is unclear whether Mr. Bollepalli and Ms. Hoying discussed this suit or the closely related suit of *A.H. v. Carson Loop ESM, LLC*, No. 4:24-cv-00224-WMR (N.D. Ga.). Most likely, their conversation avoided particulars and applied equally to both suits.

Ategrity had similarly denied coverage for the claims in the *A.H.* case, but Mr. Bollepalli eventually obtained coverage and representation through a different insurer, Western World Insurance Company ("Western World"). In the *A.H.* case, Defendants' counsel—the same counsel that has now appeared in this case—formed an attorney-client relationship with Defendants on December 10, and filed a motion to set aside and an answer the next day. [4:24-cv-00224-WMR, Doc. 18-4 ¶ 7]. At a January 7, 2025 hearing on Defendants' motion in the *A.H.* case, the Court alerted defense counsel that this suit remained in default and that no motion to set aside had been filed.

    Now on alert that their client remained in default in a similar lawsuit, defense counsel entered appearances in this case on January 10, 2025. [Doc. 8]. Given his ongoing dispute with Ategrity, Mr. Bollepalli had personally retained defense counsel that same day. [Doc. 11-2 ¶ 10]. Also on January 10, Defendants filed their Motion to Set Aside Default [Doc. 11] and an Answer [Doc. 9] to the Complaint. Defense counsel subsequently amended their entries of appearance to provide that they appeared "specially and for the limited purposes of representing Defendants until the Court'[s] ruling on Plaintiff's Motion for Default Judgment and/or Defendants' Motion to Open Default, whichever comes first." [Doc. 14, 15].

## II. LEGAL STANDARD

"The court may set aside an entry of default for good cause . . . ." Fed. R. Civ. P. 55(c). In the words of the Eleventh Circuit: "'Good cause' is a mutable standard, varying from situation to situation. It is also a liberal one—but not so elastic as to be devoid of substance." *Compania Interamericana Exp.-Imp., S.A. v. Compania Dominicana de Aviacion*, 88 F.3d 948, 951 (11th Cir. 1996) (quotations omitted) (quoting *Coon v. Grenier*, 867 F.2d 73, 76 (1st Cir. 1989)). Various factors can guide the court's analysis, but none are mandatory or determinative. *Id.* Prior courts have considered (1) whether the default was culpable or willful; (2) whether setting aside default would prejudice the adversary; (3) whether the defaulting party presents a meritorious defense; (4) whether the public interest is implicated; (4) whether there is significant financial loss to the defaulting party; and (5) whether the defaulting party acted promptly to correct the default. *Id.* Defaults are disfavored because "there is a strong policy of determining cases on their merits." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003). Ultimately, the decision to set aside default is committed to the court's sound discretion. *Id.* (reviewing denial of motion to set aside default under abuse of discretion standard).

## III. ANALYSIS

The Court finds good cause exists to set aside the clerk's entry of default and allow Defendants to litigate this case. First, although Mr. Bollepalli's conduct was

5

ill-advised, the Court declines to find Mr. Bollepalli willfully delayed answering the Complaint. This case presents a closer case of willful default than the similar *A.H.* case before this Court, in which much of the delay could be attributed to an insurance agent mistakenly sending suit documents to the incorrect insurance company. *See A.H. v. Carson Loop ESM, LLC*, No. 4:24-cv-00224-WMR (N.D. Ga.). Here, Mr. Bollepalli knew Ategrity had denied coverage a week before his answer was due and failed to act, instead clinging to the misplaced hope Ategrity would reverse course, provide coverage, and engage representation. Still, there is record evidence demonstrating Mr. Bollepalli was trying to sort out his legal representation and mount a defense. When the Court notified the current counsel of this case, they promptly took action to file an answer and motion to set aside. Thus, the Court views Defendants' default as less than willful.

Second, the Court finds that setting aside default does not meaningfully prejudice Plaintiff in this case. Plaintiff does not highlight any particular prejudice that she will suffer should the Court set aside the default. To counsel against setting aside default, prejudice would need to flow from the delay, "not from having to continue to litigate the case." *Sherrard v. Macy's Sys. & Tech. Inc.*, 724 F. App'x 736, 738 (11th Cir. 2018). The Defendants filed their Motion to Set Aside and a proposed answer around two and a half months after the original deadline to file an answer had passed. Although longer than the delay in the *A.H.* case, the Court still

struggles to see how such a relatively short delay could prejudice Plaintiff, meaning this factor supports setting aside default.

Third, the Defendants raise a possibly meritorious defense, which only strengthens the preference to determine cases on the merits. Other circuits have suggested that the merit of a proposed defense is measured "not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir. 1993). Here, Defendants assert they plan to defend themselves by arguing they had no actual or constructive knowledge of Shreesh Tiwari's criminal acts. [Doc. 12-1 at 7]. Because Defendants are alleged beneficiaries of trafficking under 18 U.S.C. § 1595(a), Plaintiffs must prove the Defendants:

> (1) knowingly benefited, (2) from taking part in a common undertaking or enterprise involving risk and potential profit, (3) that undertaking or enterprise violated the TVPRA as to the plaintiff, and (4) the defendant had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff.

*Doe #1 v. Red Roof Inns, Inc.*, 21 F.4th 714, 726 (11th Cir. 2021). Thus, because multiple elements focus on a defendant's knowledge, Defendants' lack of knowledge of Tiwari's trafficking activities would provide a complete defense to Plaintiff's statutory claim. Defendants lack of knowledge would also seriously undermine Plaintiff's negligence claim, which hinges on the foreseeability that

7

Plaintiff would suffer harm. Accordingly, Defendants' pleaded defense supports setting aside default.

Ultimately, the Court finds Defendants have demonstrated good cause to set aside the clerk's entry of default.

## IV. CONCLUSION

Accordingly, Defendants' Motion to Set Aside Default [Doc. 11, 12] is **GRANTED**. Plaintiff's Motion for Default Judgment [Doc. 7] is **DENIED**. Defendants' Motion for Leave to File Response in Opposition to Plaintiff's Motion for Default Judgment [Doc. 10] is **DENIED AS MOOT**.

**IT IS SO ORDERED**, this 4th day of February, 2025.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE