IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

_____

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff and Defendants held a Rule 26(f) conference on March 12, 2025. The parties hereby submit the following joint preliminary report and discovery plan, pursuant to Local Rule 16.2.

**1.    Description of Case:**

   **(a)    Describe briefly the nature of this action.**

This case arises from allegations that Plaintiff was trafficked for sex at the Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121. Plaintiff asserts negligence claims against Defendants pursuant to Georgia law and asserts statutory liability against Defendants pursuant to the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595.

**(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

**By Plaintiff**:

Plaintiff was a victim of sex trafficking at the Budgetel from April 2021 to May 2021, at the hands of Defendants' manager Shreesh Tiwari. Defendants owned, managed, supervised, operated, oversaw, controlled the operation of, and/or were inextricably connected to the renting of rooms at the Budgetel, from which they benefited financially. Prior to Plaintiff's trafficking, Defendants knew or should have known that their hotel was a venue for sex trafficking and other sex crimes, and knew or should of known of Plaintiff's trafficking.

**By Defendants**:

Defendant Srivinas Bollepalli owned and operated Defendant Carson Loop, LLC, d/b/a Budgetel, which LLC in turn owned and operated a Budgetel motel as a franchisee of Budgetel's corporate owner(s). Following the recommendation of Budgetel corporate personnel, Carson Loop engaged Shreesh Tiwari as an independent contractor to operate the motel. Prior the intervention of the law enforcement and Tiwari's arrest, Defendants were not informed of any allegation that Tiwari was engaging in sex trafficking or any other crimes, and they did not knowingly benefit from any such.

**(c)     The legal issues to be tried are as follows:**

**<u>By Plaintiff</u>**:

Negligence (duty, breach, proximate cause, and damages); whether Defendants violated the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1595(a); whether Defendants negligently violated O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe; whether Defendants were negligent in failing to keep the premises in a state of good repair; whether Defendants were negligent in violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance; whether Defendants were negligent in failing to properly train and supervise their employees regarding sex trafficking at the hotel; whether Defendants were negligent in failing to properly retain, hire, train, and supervise said employees; whether Defendants were negligent in entrusting the management of their premises to Plaintiff's trafficker; whether Defendants were negligent in supervising their manager, who was Plaintiff's trafficker; whether Defendants were negligent in failing to ensure business policies, systems, and security were adequately followed and implemented; whether Defendants were negligent in failing to respond to online reviews and publicly available information; whether Defendants were negligent in failing to inspect, patrol, or appropriately monitor the property; whether Defendants were negligent in failing

to provide appropriate and effective security personnel during Plaintiff's sex trafficking at the hotel; whether Defendants were negligent in failing to properly inspect and maintain the premises; whether Defendants were negligent in failing to remediate a long history of crime at the Budgetel and the area nearby; whether Defendants were negligent in failing to warn invitees of known hazards at the property; whether Defendants were negligent in representing to invitees that the property was safe; whether Defendants were and are negligent per se; the amount of damages Plaintiff is entitled to recover; whether Plaintiff is entitled to recover attorneys' fees pursuant to O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14, and 18 U.S.C. § 1595(a); and whether Plaintiff is entitled to recover punitive damages pursuant to O.C.G.A. § 51-12-5.1.

**By Defendants**:

In addition to the issues identified by Plaintiff (which Defendants incorporate by reference as if fully restated herein), the issues to be tried include whether Plaintiff's alleged injuries were due in whole or in part to the acts or omissions to Shreesh Tiwari and/or Budgetel, its owners, shareholders, parent companies, alter egos, subsidiaries, personnel, or other successors in interest, and whether, in the event of any recovery against Defendants, Defendants are entitled to any indemnity or contribution of same.

**(d)     The cases listed below (include both style and action number) are:**

(1)     Pending related cases:

Not applicable.

(2)     Previously Adjudicated Related Cases:

*United States v. Tiwari*, 4:23-cr-00011-MLB (N.D. Ga. 2023)

**2.     This case is complex because it possesses one or more of the features listed below (please check):**

      _____(1)     Unusually large number of parties

      _____(2)     Unusually large number of claims or defenses

      _____(3)     Factual issues are exceptionally complex

      _____(4)     Greater than normal volume of evidence

      __X__(5)     Extended discovery period is needed

      __X__(6)     Problems locating or preserving evidence

      _____(7)     Pending parallel investigations or actions by government

      _____(8)     Multiple use of experts

      _____(9)     Need for discovery outside United States boundaries

      _____(10)     Existence of highly technical issues and proof

      _____(11)     Unusually complex discovery of electronically stored information.

3. **Counsel:**

The following individually named-attorneys are hereby designated as lead counsel for the parties:

*Attorneys for Plaintiff*:
Peter A. Law
E. Michael Moran
Denise D. Hoying
Law & Moran
563 Spring Street NW
Atlanta, Georgia 30308

Patrick J. McDonough
Jonathan S. Tonge
Andersen, Tate & Carr
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097

*Attorneys for Defendants:*
Phillip E. Friduss
Jacob Stalvey O'Neal
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, Georgia 30303

4. **Jurisdiction:**

**Is there any question regarding this court's jurisdiction?**

_____Yes    __X__ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5.  **Parties to This Action:**

    (a)  **The following persons are necessary parties who have not been joined.**

    **By Plaintiff:**   None at this time.

    **By Defendants**:   Budgetel, its owners, shareholders, parent companies, alter egos, subsidiaries, personnel, or other successors in interest; Shreesh Tiwari.

    (b)  **The following persons are improperly joined as parties:**

    None.

    (c)  **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

    None.

    (d)  **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6.  **Amendments to the Pleadings:**

    Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P.15.  Further instructions regarding amendments are contained in LR 15.

    (a)  **List separately any amendments to the pleadings, which the parties anticipate will be necessary:**

    **By Plaintiff:** None at this time.

    **By Defendants**:

Defendants anticipate they may file an Amended Answer, motion for joinder, and/or crossclaims against Budgetel, its owners, shareholders, parent companies, alter egos, subsidiaries, personnel, or other successors in interest, and/or Shreesh Tiwari as may be appropriate following discovery concerning same.

**(b)     Amendments to the pleadings submitted LATER THAN 30 DAYS after the preliminary report and discovery schedule is filed or should have been filed will not be accepted for filing, unless otherwise permitted by law.**

**7.     Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN 30 DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the Court to file later. Local Rule 7.1(A)(2).

(a)     *Motions to Compel*: Before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)     *Summary Judgment Motions*: Within 30 days after the close of discovery, unless otherwise permitted by Court order. Local Rule 56.1.

(c)     *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)     *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8.     Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not**

**appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed.R.Civ.P. 26(a)(1)(B).**

The parties will serve initial disclosures.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

The parties do not request a scheduling conference at this time.

**10.    Discovery Period:**

**The discovery period commences thirty (30) days after the appearance of the first Defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

The case is currently assigned to a four-month discovery period and discovery is set to expire on May 13, 2025. The parties need to conduct discovery on the circumstances underlying the subject sex trafficking; causation; and damages.

The parties request that discovery in this case expire on July 11, 2025, placing it on a parallel track with *A.H. v. Carson Loop ESM, LLC et al.*, Case Number 4:24-CV-00225-WMR. The Parties have discussed and agreed to submit an initial consent motion to extend discovery at or near the expiration of the discovery period as circumstances may warrant.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

See above.

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

**(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

None known at this time.

**(b) Is any party seeking discovery of electronically stored information?**

__X__ Yes _____ No

**If "yes,"**

**(1) The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the**

**scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties have agreed to work together regarding the production of electronically stored information.

**(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

The parties will produce all electronically stored information in native format to the extent available; otherwise, said information may be produced in .pdf format. All electronically stored information will be produced electronically via Dropbox, Sharefile, or other service provider, or via flash drive or external hard drive, and will include all associated metadata to the extent same is available.

**In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.**

**12. Other Orders:**

What other orders do the parties think the court should enter under Rule 26(c) or under Rule 16(b) and (c)?

None at this time.

**13.   Settlement Potential:**

(a)   Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) settlement conference that was held on March 12, 2025 and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party:

Attorney for Plaintiff: Denise D. Hoying

Lead counsel (signature): */s/ Denise D. Hoying*

Attorney for Defendants: Jacob Stalvey O'Neal

Lead counsel (signature): */s/ Jacob Stalvey O'Neal*

Other participants:  Laura DeMartini, attorney for defendants

**(b)     All parties were promptly informed of all offers of settlement and following discussions by all counsel, it appears that there is now:**

(__)    A possibility of settlement before discovery.

( x )    A possibility of settlement after discovery.

(__)    A possibility of settlement, but a conference with the judge is needed.

(__)    No possibility of settlement.

**(c)     Counsel  (X) do or ( ) do not intend to hold additional settlement conferences among themselves prior to the close of discovery.  The proposed date of the next settlement conference is undetermined.**

**(d)     The following specific problems have created a hindrance to settlement of this case.**

None at this time.

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

   (a)   The parties ( ) do consent to having this case tried before a magistrate judge of this court.  A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this ____ day _____, of 20__.

**(b)     The parties (X) do not consent to having this case tried before a magistrate judge of this court.**

This 12th day of March, 2025.

                                                Respectfully submitted,

                                                **LAW & MORAN**

                                                */s/ Denise D. Hoying*
                                                Peter A. Law
                                                Georgia Bar No. 439655
                                                E. Michael Moran
                                                Georgia Bar No. 521602
                                                Denise D. Hoying
                                                Georgia Bar No. 236494
                                                *Attorneys for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

                                                **ANDERSEN, TATE & CARR, P.C.**

                                                */s/ Patrick J. McDonough*
                                                Patrick J. McDonough
                                                Georgia Bar No. 489855
                                                Jonathan S. Tonge
                                                Georgia Bar No. 303999
                                                *Attorneys for Plaintiff*

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
Phillip E. Friduss
Georgia Bar No. 277220
Jacob Stalvey O'Neal
Georgia Bar No. 877316
*Attorneys for Defendants*

**HALL BOOTH SMITH, P.C.**
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303
Phone: (404) 954-5000
Facsimile: (404) 954-5020
pfriduss@hallboothsmith.com
joneal@hallboothsmith.com

## CERTIFICATE OF COMPLIANCE

This is to certify that the foregoing *Joint Preliminary Report and Discovery Plan* has been prepared with one of the following font and point selections approved by the Court in LR 5.1., NDGA. Specifically, the above-mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION FILE |
| ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a ) | |
| BUDGETEL, and SRINIVAS ) | |
| BOLLEPALLI, ) | |
| ) | |
| Defendants. ) | |

## **CERTIFICATE OF SERVICE**

This is to certify that I have this day served a true and correct copy of the foregoing ***Joint Preliminary Report and Discovery Plan*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to:

Phillip Friduss
Jacob O'Neal
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

This 12th day of March, 2025.

-17-

                                        Respectfully submitted,

                                        **LAW & MORAN**

                                        */s/ Denise D. Hoying*
                                        Peter A. Law
                                        Georgia Bar No. 439655
                                        E. Michael Moran
                                        Georgia Bar No. 521602
                                        Denise D. Hoying
                                        Georgia Bar No. 236494
                                        *Attorneys for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com