IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

S.T.,                                             )
                                                  )
        Plaintiff,                                )
                                                  )
v.                                                )      CIVIL ACTION FILE
                                                  )      NO. 4:24-CV-00225-WMR
CARSON LOOP ESM, LLC d/b/a                        )
BUDGETEL, and SRINIVAS                            )
BOLLEPALLI,                                       )
                                                  )
        Defendants.                               )

## PLAINTIFF'S INITIAL DISCLOSURES

(1) State precisely the classification of the cause of action being filed, a brief

factual outline of the case including plaintiff's contentions as to what

defendant did or failed to do, and a succinct statement of the legal issues in

the case.

**S.T. was trafficked for sex by Defendants' hotel manager at the**

**Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121 from April**

**2021 to May 2021.**

**Defendants knew or should have known of the horrendous and violative**

**acts being perpetrated against S.T. at their hotel at the hands of their onsite**

**manager, Shreesh Tiwari.  At or about the same time that he was trafficking**

Plaintiff, he was trafficking at least 7 other women. Defendants' other employees actively engaged and participated in the facilitating and perpetrating of the violations and abuse against S.T. with complete disregard to the safety, welfare, and overall well-being of S.T., and provided drugs to Tiwari's trafficking victims. Defendant Bollepalli personally interacted with Plaintiff during her trafficking and knew or should have known of the crimes being perpetrated against her by his manager but negligently did nothing.

Defendants' onsite manager Shreesh Tiwari made inappropriate sexual comments and sexual advances toward Plaintiff and forced her to perform oral sex on him, threatening her with eviction if she refused. If Plaintiff hesitated in response to Tiwari's demands, he would grab Plaintiff's hair and violently force her to perform oral sex on him. He also forced Plaintiff to have sex for money with a truck driver who was also a guest at the hotel, threatening her with eviction if she refused. Plaintiff complied with Defendants' manager's demands, went to the truck driver's room, accepted drugs from him and performed sex acts on him. Another female in the room took the money paid by the truck driver for Plaintiff's sexual services and gave it to Defendants' manager Tiwari. Plaintiff's forced sexual encounter

with the truck driver at the hands of Defendants' manager resulted in her drug relapse.

Defendants knew or should have known of prior sex crimes and other crimes on the Budgetel's premises but negligently did nothing to prevent future sex trafficking on the premises, including S.T.'s trafficking. Defendants negligently failed to implement policies and procedures to prevent, identify, and deter sex trafficking at the Budgetel and to ensure they were not profiting from sex trafficking, as required by the TVPRA and other federal and state law. Defendants negligently entrusted the operation of their hotel to Plaintiff's trafficker, and negligently supervised his operation and management of the Budgetel.

Defendants knowingly benefitted from S.T.'s sex trafficking by receiving increased revenue generated by the operation of the Budgetel, including revenue for the room in which she stayed and the rooms in which she was trafficked. Defendants' actions or lack thereof directly contributed and were interrelated in facilitating S.T.'s sex trafficking from which she suffered irreparable harm.

Under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), Defendants may be held civilly liable for knowingly benefitting

financially from participation in a venture which Defendants knew or should have known has violated the TVPRA.  18 U.S.C. § 1595(a).

Defendants are also negligent pursuant to Georgia law, and their negligence includes, but is not limited to, one or more of the following:

- Negligently violating O.C.G.A. § 51-3-1 by failing to use ordinary care to keep the premises safe;

- Negligently failing to keep the premises in a state of good repair;

- Negligently violating O.C.G.A. § 41-1-1 by creating and maintaining a nuisance;

- Negligently failing to provide appropriate and effective security personnel during S.T.'s trafficking at the hotel;

- Negligently failing to properly inspect and maintain the premises;

- Negligently failing to properly train and supervise their employees regarding trafficking at the hotel;

- Negligently failing to properly retain, hire, train, and supervise their employees, including but not limited to Shreesh Tiwari;

- Negligently failing to ensure business policies, systems, and security were adequately followed and implemented;

- Negligently failing to respond to online reviews and publicly

available information;

- **Negligently failing to prevent loitering and trespassing;**

- **Negligently failing to remove loiterers and trespassers;**

- **Negligently failing to inspect, patrol, or appropriately monitor the property;**

- **Negligently failing to provide adequate lighting and employ other available security measures, personnel, and devices, such as controlled access, adequate signage, cameras, patrols, inspections, physical, and other landscaping adjustments, and other measures available;**

- **Negligently failing to remediate a long history of crime at the Budgetel and the area nearby;**

- **Negligently failing to warn invitees of known hazards at the property;**

- **Negligently failing to comply with the notice provisions of O.C.G.A. § 16-5-47; and**

- **Negligently representing to invitees that the property was safe.**

**As a proximate and foreseeable result of the Defendants' negligence and violations of the TVPRA, S.T. sustained personal injuries, mental and**

emotional pain and suffering, experienced mental anguish, and suffered other damages as will be proven at trial.  S.T. brings each and every claim permissible under Georgia and federal law against Defendants for injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Federal and Georgia law. Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Federal and Georgia law, including, but not limited to:

- Personal injuries;

- Past, present and future conscious pain and suffering;

- Loss of enjoyment of life;

- Medical expenses;

- Mental anguish and emotional distress;

- Loss of past, present, and future wages;

- Incidental expenses;

- Attorney's fees;

- All special, compensatory, economic, punitive, and other damages permissible under Georgia law and Federal law; and

- **Consequential damages to be proven at trial.**

**By way of further response, please see Plaintiff's Complaint.**

(2) Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Statutes, codes, and regulations applicable to this case include, but are not limited to: 18 U.S.C. § 1595 (Trafficking Victims Protection Reauthorization Act), O.C.G.A. § 51-3-1 (duty of owner or occupier of land to invitee), O.C.G.A. § 41-1-1 (nuisance), O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14 (attorney's fees), and O.C.G.A. § 51-12-5.1 (punitive damages).  Plaintiff anticipates she will also rely on common law negligence principles and case law pertaining to negligence, damages (including punitive damages), and attorneys' fees. (See Complaint).**

(3) Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**See Attachment A.**

(4) Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed. R. Civ. P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**See Attachment B.**

(5) Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**See Attachment C.**

(6) In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such

documents or evidentiary material available for inspection and copying as under

Fed. R. Civ. P. 34. (Attach any copies and descriptions to Initial Disclosures

as Attachment D.)

**See Attachment D.**

(7)  Attach for inspection and copying as under Fed. R. Civ. P. 34 any insurance

agreement under which any person carrying on an insurance business may be

liable to satisfy part or all of a judgment which may be entered in this action or to

indemnify or reimburse for payments made to satisfy the judgment. (Attach copy

of insurance agreement to Initial Disclosures as Attachment E.)

**See Attachment E.**

(8)  Disclose the full name, address, and telephone number of all persons or

legal entities who have a subrogation interest in the cause of action set forth

in plaintiff's cause of action and state the basis and extent of such interest.

**No such persons or legal entities have been identified at this time.**

This 12th day of March, 2025.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com

**ANDERSEN, TATE & CARR, P.C.**

*/s/ Patrick J. McDonough*
Patrick J. McDonough
Georgia Bar No. 489855
Jonathan S. Tonge
Georgia Bar No. 303999
*Attorneys for Plaintiff*

One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com

## <u>ATTACHMENT "A"</u>

**The following individuals are believed to have discoverable information regarding Plaintiff's claims:**

1. S.T., c/o Law & Moran (Plaintiff);

2. Defendant Bollepalli;

3. Shreesh Tiwari (Plaintiff's trafficker);

4. All employees, former employees, and managers of the Budgetel, including but not limited to maintenance employees Steve and Danny (last names unknown);

5. James Rives, Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE);

6. All other victims of sex and/or labor trafficking at the subject Budgetel, and witnesses to their trafficking, including but not limited to A.H., M.H., C.R., D.L., T.W., S.F., and B.K.;

7. All other victims of crime at the subject Budgetel and witnesses to those crimes;

8. Plaintiff's friends and family;

9. Detectives, investigators, officers, and other employees of the Bartow-Cartersville police forces, Bartow County Sheriff's Office, and

Bartow County Government (investigated crimes, including sex crimes and instances of sex trafficking at the subject hotel), including but not limited to Mark Mayton, Steve Taylor, Victor Abercrombie, Peter Olson, and Brandon Johnson;

10. Any witness identified in Defendants' initial disclosures and all discovery responses;

11. Any witness identified in Plaintiff's and Defendants' document productions or any other document exchanged among the parties;

12. Any witness identified during any deposition in this case; and

13. Any person who investigated or responded to the incident.

## ATTACHMENT "B"

At this time, Plaintiff has not yet made a decision as to which, if any, expert(s) will testify at trial.  Plaintiff reserves the right to supplement this response as appropriate during the course of this litigation.  However, Plaintiff may call the investigating officers and detectives from the Bartow County Sheriff's Office, Cartersville Police Department, James Rives, Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE), or S.T.'s treating medical providers and qualify them as experts in their respective fields. These individuals are expected to testify about S.T.'s sex trafficking, sex and labor trafficking and other criminal, safety, and security issues at the subject property, and S.T.'s injuries, damages, and pain and suffering. These witnesses' testimony will be based on their training, experience, education, and treatment related to the subject incident.

## ATTACHMENT "C"

| 1 | Any and all CADS, 911 audio, and incident reports obtained as it relates to the subject Budgetel. |
|---|---|
| 2 | Any and all reviews, commentaries, and notations on public websites as it relates to the Budgetel. |
| 3 | Shreesh Tiwari's guilty plea for sex and labor trafficking at the Budgetel and associated documents from him criminal indictment and guilty plea; |
| 4 | Pictures and documents as they relate to S.T. and the premises prior to and after S.T.'s trafficking. |
| 5 | Witness affidavits, statements, and interviews as it relates to trafficking and other crimes at the Budgetel. |
| 6 | S.T.'s medical records. |
| 7 | Any and all documents produced by Defendants, including any and all documents produced by Defendants in other cases in which it is alleged that the Plaintiff(s) were victims of trafficking at the Budgetel. |
| 8 | Any and all documents received by subpoena and/or third-party discovery. |
| 9 | Pictures, documents, and other related material discovered as it relates to Defendants in anticipation of litigation. |
| 10 | Corporate and real property records of Defendants. |

Discovery is ongoing.  Plaintiff will supplement this list as additional documents become available.

## ATTACHMENT "D"

Plaintiff states her intention to bring each and every claim permissible under Georgia and Federal law arising from her sex trafficking.

As a direct, proximate, and foreseeable result of the Defendants' negligence and violations of the TVPRA, S.T. sustained personal injuries, mental and emotional pain and suffering, experienced mental anguish, and suffered other damages as will be proven at trial. Damages will be awarded in an amount to be determined by the enlightened conscience of a fair and impartial jury.

Plaintiff brings each and every claim permissible under Georgia and federal law against Defendants for injuries suffered in the incident at issue, and to recover for all special damages, economic losses, medical expenses, necessary expenses, pain and suffering, and all compensatory, special, actual, general and punitive damages permissible under Georgia law. Plaintiff seeks all compensatory, special, economic, consequential, general, punitive, and all other damages permissible under Georgia and federal law, including, but not limited to:

a)  Personal injuries;

b)  Past, present and future conscious pain and suffering;

c)  Loss of enjoyment of life;

d)  Medical expenses;

e)    Mental anguish and emotional distress;

f)    Loss of past, present, and future wages;

g)    Incidental expenses;

h)    All special, compensatory, economic, punitive, and other damages permissible under Georgia law and Federal law; and

i)    Consequential damages to be proven at trial.

Plaintiff is entitled to an award of punitive damages, without limitation or cap, because the actions of Defendants showed an entire want of care, which would raise the presumption of conscious indifference to consequences.  Accordingly, Plaintiff is entitled to recover punitive damages from Defendants in accordance with the enlightened conscience of an impartial jury pursuant to O.C.G.A. § 51-12-5.1 and 18 U.S.C. § 1595(a).

Defendants' actions evidence a species of bad faith, were and are stubbornly litigious, and have caused Plaintiff undue expense. Thus, Plaintiff is entitled to recover her necessary expenses of litigation, including an award of reasonable attorneys' fees and expenses required by this action.  (O.C.G.A. §§ 13-6-11, 9-11-68 and 9-15-14, and 18 U.S.C. § 1595(a)).  Furthermore, Plaintiff is entitled to all expenses of litigation and attorneys' fees pursuant to all other Federal and Georgia statutory and common laws.

## ATTACHMENT "E"

As it relates to any insurance agreement that may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment, Plaintiff is not aware of any such insurance agreements apart from those potentially providing coverage to Defendants.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| S.T., | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a | ) | |
| BUDGETEL, and SRINIVAS | ) | |
| BOLLEPALLI, | ) | |
| | ) | |
|     Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day served a true and correct copy of the

foregoing ***Plaintiff's Initial Disclosures*** with the Clerk of Court using the

CM/ECF system which will automatically send email notification of such filing to:

Phillip Friduss
Jacob O'Neal
Hall Booth Smith, P.C.
191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303

This 12th day of March, 2025.

Respectfully submitted,

**LAW & MORAN**

*/s/ Denise D. Hoying*
Peter A. Law
Georgia Bar No. 439655
E. Michael Moran
Georgia Bar No. 521602
Denise D. Hoying
Georgia Bar No. 236494
*Attorneys for Plaintiff*

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710
Pete@lawmoran.com
Mike@lawmoran.com
Denise@lawmoran.com