IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| S.T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a | ) | |
| BUDGETEL, and SRINIVAS | ) | |
| BOLLEPALLI, | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR LEAVE TO AMEND THE COMPLAINT**

COMES NOW Plaintiff and hereby files this brief in support of her Motion to the Amend Complaint, as follows:

## I.    INTRODUCTION

This case arises out of S.T.'s sex trafficking at Defendants' Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121. Plaintiff alleges that she was the victim of sex trafficking at the subject Budgetel at the hands of Defendants' onsite manager, Shreesh Tiwari, who ultimately pled guilty to trafficking 8 different women at the hotel which was owned, operated, managed, and controlled by Defendants. As a result of her sex trafficking, S.T. sustained personal injuries, mental and emotional pain and suffering, and experienced mental anguish.

At the time she filed her Complaint, Plaintiff's best estimate of the time period of her trafficking was the spring of 2021.  Since that time, Plaintiff has received documents from the U.S. Government that confirm her trafficking occurred in August of 2020.  Accordingly, Plaintiff requests leave to amend the Complaint solely to revise the date of her trafficking at Defendants' Budgetel. (*See* Proposed Amended Complaint attached hereto as Exhibit A).

Plaintiff's Motion should be granted.  Plaintiff presents this Motion while fact discovery remains ongoing, no depositions have yet been taken, and no experts have been disclosed or deposed.  Further, there will be no delay in the proceedings as the only change is to the date of Plaintiff's trafficking, which she has now been able to independently confirm and refresh her recollection from documents produced by the U.S. Government.  Accordingly, Defendants are not prejudiced by this amendment, and Plaintiff's Motion should be granted.

## II.    ARGUMENT

The Federal Rules of Civil Procedure encourage liberal amendments to the pleadings.  *Shipner v. Eastern Air Lines, Inc.*, 868 F.2d 401, 406–07 (11th Cir. 1989).  Under Rule 15(a), after the time expires to amend the pleadings as a matter of course, the "court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  The Supreme Court has interpreted Rule 15(a) to mean that,

absent a substantial justification to deny the amendment, the plaintiff "ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962). A court may deny leave to amend only where there is a substantial reason, such as undue delay, futility, bad faith, or undue prejudice to the opposing party. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999); *Halliburton & Assocs. v. Henderson, Few & Co.*, 774 F.2d 441, 443 (11th Cir. 1985); *see also Floyd v. Easter Airlines, Inc.*, 872 F.2d 1462 (11th Cir. 1989), *rev'd on other grounds* ("The mere passage of time, without anything more, is an insufficient reason to deny leave to amend").

In this case, there is no "substantial reason" to deny Plaintiff's Motion to Amend the Complaint. Plaintiff has not unduly delayed amendment as she recently received documents from the U.S. Government, via non-party subpoena, that allowed her to confirm the precise dates of her trafficking. Plaintiff seeks to amend the Complaint as soon as practicable following counsel's receipt and review of these documents, and prior to any depositions occurring. There is no unfair prejudice to Defendants as the claims are identical, only the dates of trafficking will be revised. Further, this amendment will not delay the proceedings and Plaintiff is not acting in bad faith.

Plaintiff notes that this amendment does not add or change any substantive allegations.  Plaintiff is filing this Motion prior to any further discovery occurring by any of the parties, and as such, Defendants are not prejudiced by the grant of this Motion.

In short, there is not a substantial reason to deny the Motion to Amend.  To the contrary, granting the motion would allow the parties to fully litigate all matters properly before this Court in this very serious case arising out of a Plaintiff's sex trafficking.

## III.    CONCLUSION.

For these reasons, Plaintiff respectfully requests that the Court grant leave to Plaintiff to file the proposed Amended Complaint, attached hereto as Exhibit A.

This 24th day of June, 2025.

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

4

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

                                        **ANDERSEN, TATE & CARR, P.C.**

                                        /s/ Patrick J. McDonough
                                        Patrick J. McDonough
                                        Georgia Bar No. 489855
                                        pmcdonough@atclawfirm.com
                                        Jonathan S. Tonge
                                        Georgia Bar No. 303999
                                        jtonge@atclawfirm.com
                                        Attorneys for Plaintiff

**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
Phone: (770) 822-0900
Facsimile: (770) 822-9680

## <u>CERTIFICATE OF COMPLIANCE</u>

This is to certify that the foregoing ***Plaintiff's Memorandum in Support of Motion for Leave to Amend the Complaint*** has been prepared with one of the following font and point selections approved by the Court in L.R. 5.1. Specifically, the above mentioned pleading was prepared using Times New Roman font of 14 point size.

Respectfully submitted,

**LAW & MORAN**

<u>/s/ Denise D. Hoying</u>
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| S.T., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION FILE |
| | ) | NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a | ) | |
| BUDGETEL, and SRINIVAS | ) | |
| BOLLEPALLI, | ) | |
| | ) | |
| Defendants. | ) | |

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a true and correct copy of the foregoing ***Plaintiff's Memorandum in Support of Motion for Leave to Amend the Complaint*** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to:

Sean W. Martin
Stephen A. Swanson
Carr Allison
633 Chestnut St.
Suite 2000
Chattanooga, TN 36450

This 24th day of June, 2025.

7

Respectfully submitted,

**LAW & MORAN**

/s/ Denise D. Hoying
Peter A. Law
Georgia Bar No. 439655
pete@lawmoran.com
E. Michael Moran
Georgia Bar No. 521602
mike@lawmoran.com
Denise D. Hoying
Georgia Bar No. 236494
denise@lawmoran.com
Attorneys for Plaintiff

**LAW & MORAN**
563 Spring Street, NW
Atlanta, Georgia 30308
Phone: (404) 814-3700
Facsimile: (404) 842-7710