## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **S.T.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **v.** | * | CASE NO. 4:24-CV-00225-WMR |
| | * | |
| **CARSON LOOP ESM, LLC d/b/a** | * | JURY DEMANDED |
| **BUDGETEL, and** | * | |
| **SRINIVAS BOLLEPALLI,** | * | |
| | * | |
| Defendants. | * | |

### ANSWER AND DEFENSES OF DEFENDANT CARSON LOOP ESM LLC TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Defendant, Carson Loop ESM LLC ("Carson Loop"), by and through counsel, and in answer to Plaintiff's First Amended Complaint for Damages, states as follows:

### FIRST DEFENSE

In response to the specifically enumerated paragraphs of Plaintiff's First Amended Complaint for Damages, Carson Loop states as follows:

1.      Carson Loop denies the first sentence of Paragraph 1. Carson Loop admits only that it consents to this case proceeding with initials. In response to the remaining allegations in Paragraph 1, Carson Loop states that the First Amended Complaint for Damages speaks for itself and denies all imputations of liability contained therein.

2.      In response to the allegations in Paragraph 2, Carson Loop denies that Shreesh Tiwari held the title of "manager." Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 2 and denies all imputations of liability contained therein.

3.      In response to the allegations in Paragraph 3, Carson Loop admits only that the hotel was shut down by the Georgia Department of Public Health in 2019. Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 3 and denies all imputations of liability contained therein.

4.      Carson Loop is without sufficient firsthand information to admit or deny the allegations in Paragraph 4 and denies all imputations of liability contained therein.

5.      The allegations in Paragraph 5 are denied.

<u>PARTIES, JURISDICTION, AND VENUE</u>

6.      In response to "S.T. . . . Georgia," Carson Loop is without sufficient firsthand information to admit or deny these allegations. In response to the remaining allegations in Paragraph 6, Carson Loop states that the First Amended Complaint for Damages speaks for itself, and Carson Loop denies all imputations of liability contained in this Paragraph.

7.      In response to the allegations in Paragraph 7, Carson Loop denies the

2

allegations that it "controlled the operation of, and/or were inextricably connected to the renting of rooms at the Budgetel" and states by way of further response that operations of the hotel were entrusted to Shreesh Tiwari. The remaining allegations in Paragraph 7 are admitted.

8.      The allegations in Paragraph 8 are admitted.

9.      The allegations in Paragraph 9 are admitted.

10.     The allegations in Paragraph 10 are admitted.

11.     The allegations in paragraph 11 are admitted.

12.     In response to the allegations in Paragraph 12, Carson Loop states that the First Amended Complaint for Damages speaks for itself and denies all imputations of liability contained therein.

13.     Carson Loop admits that venue is proper but denies all imputations of liability contained in this Paragraph.

<u>SEX TRAFFICKING ALLEGATIONS</u>

14.     In response to the allegations in Paragraph 14, Carson Loop denies that Shreesh Tiwari held the title of "manager". Carson Loop states that the remaining allegations in Paragraph 14 constitute legal conclusions which Carson Loop can neither admit nor deny, and Carson Loop denies all imputations of liability contained therein.

15.     The allegations in Paragraph 15 are denied.

3

16.    Carson Loop denies the first sentence of Paragraph 16. Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 16 and denies all imputations of liability contained therein.

17.    In response to the allegations in Paragraph 17, Carson Loop denies that Shreesh Tiwari held the title of "manager." Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

18.    In response to the allegations in Paragraph 18, Carson Loop denies that Shreesh Tiwari held the title of "manager." Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

19.    In response to the allegations in Paragraph 19, Carson Loop denies that Shreesh Tiwari held the title of "manager." Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

20.    In response to the allegations in Paragraph 20, Carson Loop denies that Shreesh Tiwari held the title of "manager." Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

21.    Carson Loop is without sufficient firsthand information to admit or

deny the allegations in Paragraph 21 and denies all imputations of liability contained therein.

22.     In response to the allegations in Paragraph 22, Carson Loop denies that Shreesh Tiwari held the title of "manager." Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

23.     Carson Loop is without sufficient firsthand information to admit or deny the allegations in Paragraph 23 and denies all imputations of liability contained therein.

24.     The allegations in Paragraph 24 are denied.

25.     Carson Loop denies the first sentence of Paragraph 25. Carson Loop admits upon information and belief only that Shreesh Tiwari was arrested. Carson Loop is without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 25 and denies all imputations of liability contained therein.

26.     In response to the allegations in Paragraph 26, Carson Loop states that the same constitutes a legal conclusion which Carson Loop can neither admit nor deny, and Carson Loop denies all imputations of liability contained therein.

27.     The allegations in Paragraph 27 are denied.

28.     The allegations in Paragraph 28 are denied.

29.     The allegations in Paragraph 29 are denied.

DEFENDANTS' ROLES

30.     The allegations in Paragraph 30 are admitted.

31.     In response to the allegations in Paragraph 31, Carson Loop admits only that Budgetel was shut down by government officials in October 2019. The remaining allegations and all imputations of liability contained in Paragraph 31 are denied.

32.     The allegations in paragraph 32 are denied.

33.     In response to the allegations in Paragraph 33, Carson Loop states that the First Amended Complaint for Damages speaks for itself and denies all imputations of liability contained therein.

COUNT I
NEGLIGENCE ALLEGATIONS

34.     Carson Loop reasserts and reincorporates by this reference its responses to Paragraphs 1 through 33 of Plaintiff's First Amended Complaint for Damages as if fully set forth herein.

35.     The allegations in Paragraph 35 are denied.

36.     The allegations in Paragraph 36 are denied.

37.     The allegations in Paragraph 37 are denied.

38.     In response to the allegations in Paragraph 38, Carson Loop denies that it breached any duty and that it failed to act as similarly situated business would in like circumstances. The remaining allegations in Paragraph 38 constitute legal

conclusions that Carson Loop can neither admit nor deny, and Carson Loop denies all imputations of liability contained therein.

39.    The allegations in Paragraph 39 are denied.

40.    The allegations in Paragraph 40 are denied.

41.    The allegations in Paragraph 41 are denied.

42.    The allegations in Paragraph 42 are denied.

43.    The allegations in Paragraph 43 are denied.

44.    The allegations in Paragraph 44 are denied.

45.    The allegations in Paragraph 45 are denied.

46.    The allegations in Paragraph 46 are denied.

47.    The allegations in Paragraph 47 are denied.

48.    The allegations in Paragraph 48 are denied.

49.    The allegations in Paragraph 49 are denied.

50.    The allegations in Paragraph 50 are denied.

51.    The allegations in Paragraph 51 are denied.

52.    The allegations in Paragraph 52 are denied.

53.    The allegations in Paragraph 53 are denied, including subparts (a) through (q).

54.    The allegations in Paragraph 54 are denied.

55.    The allegations in Paragraph 55 are denied.

56.     The allegations in Paragraph 56 are denied.

57.     The allegations in Paragraph 57 are denied.

58.     The allegations in Paragraph 58 are denied.

COUNT II
STATUTORY LIABILITY: SEX TRAFFICKING
18 U.S.C. § 1595

59.     Carson Loop reasserts and reincorporates by this reference its responses to Paragraphs 1 through 58 of Plaintiff's First Amended Complaint for Damages as if fully set forth herein.

60.     The allegations in Paragraph 60 are denied.

61.     The allegations in Paragraph 61 are denied.

62.     The allegations in Paragraph 62 are denied.

63.     In response to the allegations in Paragraph 63, Carson Loop states that the same constitutes legal conclusions which Carson Loop can neither admit nor deny, and Carson Loop denies all imputations of liability contained therein.

64.     The allegations in Paragraph 64 are denied.

65.     The allegations in Paragraph 65 are denied.

66.     The allegations in Paragraph 66 are denied.

67.     The allegations in Paragraph 67 are denied.

68.     The allegations in Paragraph 68 are denied.

69.     The allegations in Paragraph 69 are denied

<u>DAMAGES</u>

70.    Carson Loop hereby reasserts and incorporates by reference its responses to Paragraphs 1 through 69 of Plaintiff's First Amended Complaint for Damages as if fully restated herein.

71.    The allegations in Paragraph 71 are denied, including subparts (a) through (i).

72.    The allegations in Paragraph 72 are denied.

73.    The allegations in Paragraph 73 are denied.

## SECOND DEFENSE

Carson Loop asserts that Plaintiff's First Amended Complaint for Damages fails to state a claim upon which relief can be granted, and, therefore, should be dismissed.

## THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## FOURTH DEFENSE

Some or all of Plaintiff's alleged injuries are due to the acts or omissions of persons other than Carson Loop.

## FIFTH DEFENSE

Some or all of Plaintiff's alleged injuries are due to the acts or omissions of a

fellow servant.

## **SIXTH DEFENSE**

Some or all of Plaintiff's alleged injuries may be barred by laches.

## **SEVENTH DEFENSE**

Carson Loop had no actual or constructive knowledge of the circumstances or events described in the First Amended Complaint for Damages prior to their occurrence.

## **EIGHTH DEFENSE**

No act or omission of Carson Loop was the proximate cause of any damage, injury, or loss to Plaintiff.

## **NINTH DEFENSE**

Plaintiff failed to take reasonable steps to minimize or prevent the damages she claimed to have suffered.

## **TENTH DEFENSE**

Carson Loop denies that it acted in any manner so as to entitle Plaintiff to award of attorneys' fees, costs, punitive damages, or expenses of litigation. Plaintiff is not entitled to attorneys' fees and/or costs and Plaintiff has not asserted any facts establishing that she is entitled to any attorneys' fees or costs.

## **ELEVENTH DEFENSE**

Carson Loop did not breach any duty of care owed to Plaintiff.  Carson Loop

exercised due care and diligence in all of the matters alleged.

## TWELFTH DEFENSE

Plaintiff's First Amended Complaint for Damages fails to state a claim for punitive damages.

## THIRTEENTH DEFENSE

The imposition of punitive damages against Carson Loop would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FOURTEENTH DEFENSE

Plaintiff's claims for attorney's fees and costs of litigation are barred as Carson Loop has, at all times relevant to this action, acted in good faith, not been stubbornly litigious, and not caused Plaintiff unnecessary trouble or expenses.

## FIFTEENTH DEFENSE

Plaintiff's failure to specifically state items of special damages sought in this action bars her recovery pursuant to Rule 9(g) of the Federal Rules of Civil Procedure.

## SIXTEENTH DEFENSE

All allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

## SEVENTEENTH DEFENSE

Carson Loop reserves the right to amend his Answer to include such other and

further defenses that later may become apparent through further investigation and discovery.

**WHEREFORE**, Carson Loop respectfully prays as follows:

a)    Plaintiff's First Amended Complaint for Damages be dismissed on the grounds set forth above and all costs cast against Plaintiff;

b)    In the alternative, that judgment be granted in favor of Carson Loop on all counts;

c)    That Carson Loop have a trial by jury, as the law provides; and

d)    For such other and further relief that the Court deems just and proper.

This 6th day of August, 2025.

Respectfully submitted,

**CARR ALLISON**

By:    /s/ Sean W. Martin
            **SEAN W. MARTIN, GA BAR #474125**
            **STEPHEN A. SWANSON, GA BAR #759751**
            *Attorneys for Defendant Carson Loop ESM LLC*
            633 Chestnut Street, Suite 2000
            Chattanooga, TN 37450
            (423) 648-9832 / (423) 648-9869 FAX
            swmartin@carrallison.com
            sswanson@carrallison.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 6th day of August, 2025.

> By:    /s/ Sean W. Martin
> **SEAN W. MARTIN, GA BAR #474125**
> **STEPHEN A. SWANSON, GA BAR #759751**

## CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Denise D. Hoying
Peter A. Law
E. Michael Moran
Law & Moran
563 Spring Street NW
Atlanta, GA 30308

Patrick J. McDonough
Jonathan S. Tonge
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097

> By:    /s/ Sean W. Martin
> **SEAN W. MARTIN, GA BAR #474125**
> **STEPHEN A. SWANSON, GA BAR #759751**