## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | | |
|---|---|---|
| **S.T.,** | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| **v.** | * | CASE NO. 4:24-CV-00225-WMR |
| | * | |
| **CARSON LOOP ESM, LLC d/b/a** | * | JURY DEMANDED |
| **BUDGETEL, and** | * | |
| **SRINIVAS BOLLEPALLI,** | * | |
| | * | |
| Defendants. | * | |

### ANSWER AND DEFENSES OF DEFENDANT SRINIVAS BOLLEPALLI TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR DAMAGES

COMES NOW the Defendant, Srinivas Bollepalli ("Bollepalli"), by and through counsel, and in answer to Plaintiff's First Amended Complaint for Damages, states as follows:

### FIRST DEFENSE

In response to the specifically enumerated paragraphs of Plaintiff's First Amended Complaint for Damages, Bollepalli states as follows:

1. Bollepalli denies the first sentence of Paragraph 1. Bollepalli admits only that he consents to this case proceeding with initials. In response to the remaining allegations in Paragraph 1, Bollepalli states that the First Amended Complaint for Damages speaks for itself and denies all imputations of liability contained therein.

2.      In response to the allegations in Paragraph 2, Bollepalli denies that Shreesh Tiwari held the title of "manager." Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 2 and denies all imputations of liability contained therein.

3.      In response to the allegations in Paragraph 3, Bollepalli admits only that the hotel was shut down by the Georgia Department of Public Health in 2019. Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 3 and denies all imputations of liability contained therein.

4.      Bollepalli is without sufficient firsthand information to admit or deny the allegations in Paragraph 4 and denies all imputations of liability contained therein.

5.      The allegations in Paragraph 5 are denied.

<u>PARTIES, JURISDICTION, AND VENUE</u>

6.      In response to "S.T. . . . Georgia," Bollepalli is without sufficient firsthand information to admit or deny these allegations. In response to the remaining allegations in Paragraph 6, Bollepalli states that the First Amended Complaint for Damages speaks for itself, and Bollepalli denies all imputations of liability contained in this Paragraph.

7.      In response to the allegations in Paragraph 7, Bollepalli denies the allegations that he "controlled the operation of, and/or were inextricably connected

to the renting of rooms at the Budgetel" and states by way of further response that operations of the hotel were entrusted to Shreesh Tiwari. The remaining allegations in Paragraph 7 are admitted.

8.      The allegations in Paragraph 8 are admitted.

9.      The allegations in Paragraph 9 are admitted.

10.     The allegations in Paragraph 10 are admitted.

11.     The allegations in paragraph 11 are admitted.

12.     In response to the allegations in Paragraph 12, Bollepalli states that the First Amended Complaint for Damages speaks for itself and denies all imputations of liability contained therein.

13.     Bollepalli admits that venue is proper but denies all imputations of liability contained in this Paragraph.

<u>SEX TRAFFICKING ALLEGATIONS</u>

14.     In response to the allegations in Paragraph 14, Bollepalli denies that Shreesh Tiwari held the title of "manager". Bollepalli states that the remaining allegations in Paragraph 14 constitute legal conclusions which Bollepalli can neither admit nor deny, and Bollepalli denies all imputations of liability contained therein.

15.     The allegations in Paragraph 15 are denied.

16.     Bollepalli denies the first sentence of Paragraph 16. Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations

in Paragraph 16 and denies all imputations of liability contained therein.

17.     In response to the allegations in Paragraph 17, Bollepalli denies that Shreesh Tiwari held the title of "manager." Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

18.     In response to the allegations in Paragraph 18, Bollepalli denies that Shreesh Tiwari held the title of "manager." Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

19.     In response to the allegations in Paragraph 19, Bollepalli denies that Shreesh Tiwari held the title of "manager." Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

20.     In response to the allegations in Paragraph 20, Bollepalli denies that Shreesh Tiwari held the title of "manager." Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

21.     Bollepalli is without sufficient firsthand information to admit or deny the allegations in Paragraph 21 and denies all imputations of liability contained therein.

22.     In response to the allegations in Paragraph 22, Bollepalli denies that Shreesh Tiwari held the title of "manager." Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in this Paragraph and denies all imputations of liability contained therein.

23.     Bollepalli is without sufficient firsthand information to admit or deny the allegations in Paragraph 23 and denies all imputations of liability contained therein.

24.     The allegations in Paragraph 24 are denied.

25.     Bollepalli denies the first sentence of Paragraph 25. Bollepalli admits upon information and belief only that Shreesh Tiwari was arrested. Bollepalli is without sufficient firsthand information to admit or deny the remaining allegations in Paragraph 25 and denies all imputations of liability contained therein.

26.     In response to the allegations in Paragraph 26, Bollepalli states that the same constitutes a legal conclusion which Bollepalli can neither admit nor deny, and Bollepalli denies all imputations of liability contained therein.

27.     The allegations in Paragraph 27 are denied.

28.     The allegations in Paragraph 28 are denied.

29.     The allegations in Paragraph 29 are denied.

<u>DEFENDANTS' ROLES</u>

30.     The allegations in Paragraph 30 are admitted.

31.     In response to the allegations in Paragraph 31, Bollepalli admits only that Budgetel was shut down by government officials in October 2019. The remaining allegations and all imputations of liability contained in Paragraph 31 are denied.

32.     The allegations in paragraph 32 are denied.

33.     In response to the allegations in Paragraph 33, Bollepalli states that the First Amended Complaint for Damages speaks for itself and denies all imputations of liability contained therein.

COUNT I
NEGLIGENCE ALLEGATIONS

34.      Bollepalli reasserts and reincorporates by this reference his responses to Paragraphs 1 through 33 of Plaintiff's First Amended Complaint for Damages as if fully set forth herein.

35.     The allegations in Paragraph 35 are denied.

36.     The allegations in Paragraph 36 are denied.

37.     The allegations in Paragraph 37 are denied.

38.     In response to the allegations in Paragraph 38, Bollepalli denies that he breached any duty and that he failed to act as similarly situated business would in like circumstances. The remaining allegations in Paragraph 38 constitute legal conclusions that Bollepalli can neither admit nor deny, and Bollepalli denies all imputations of liability contained therein.

39.     The allegations in Paragraph 39 are denied.

40.     The allegations in Paragraph 40 are denied.

41.     The allegations in Paragraph 41 are denied.

42.     The allegations in Paragraph 42 are denied.

43.     The allegations in Paragraph 43 are denied.

44.     The allegations in Paragraph 44 are denied.

45.     The allegations in Paragraph 45 are denied.

46.     The allegations in Paragraph 46 are denied.

47.     The allegations in Paragraph 47 are denied.

48.     The allegations in Paragraph 48 are denied.

49.     The allegations in Paragraph 49 are denied.

50.     The allegations in Paragraph 50 are denied.

51.     The allegations in Paragraph 51 are denied.

52.     The allegations in Paragraph 52 are denied.

53.     The allegations in Paragraph 53 are denied, including subparts (a) through (q).

54.     The allegations in Paragraph 54 are denied.

55.     The allegations in Paragraph 55 are denied.

56.     The allegations in Paragraph 56 are denied.

57.     The allegations in Paragraph 57 are denied.

58.    The allegations in Paragraph 58 are denied.

COUNT II
STATUTORY LIABILITY: SEX TRAFFICKING
18 U.S.C. § 1595

59.    Bollepalli reasserts and reincorporates by this reference his responses to Paragraphs 1 through 58 of Plaintiff's First Amended Complaint for Damages as if fully set forth herein.

60.    The allegations in Paragraph 60 are denied.

61.    The allegations in Paragraph 61 are denied.

62.    The allegations in Paragraph 62 are denied.

63.    In response to the allegations in Paragraph 63, Bollepalli states that the same constitutes legal conclusions which Bollepalli can neither admit nor deny, and Bollepalli denies all imputations of liability contained therein.

64.    The allegations in Paragraph 64 are denied.

65.    The allegations in Paragraph 65 are denied.

66.    The allegations in Paragraph 66 are denied.

67.    The allegations in Paragraph 67 are denied.

68.    The allegations in Paragraph 68 are denied.

69.    The allegations in Paragraph 69 are denied

DAMAGES

70.    Bollepalli hereby reasserts and incorporates by reference his responses

8

to Paragraphs 1 through 69 of Plaintiff's First Amended Complaint for Damages as if fully restated herein.

71.    The allegations in Paragraph 71 are denied, including subparts (a) through (i).

72.    The allegations in Paragraph 72 are denied.

73.    The allegations in Paragraph 73 are denied.

## SECOND DEFENSE

Bollepalli asserts that Plaintiff's First Amended Complaint for Damages fails to state a claim upon which relief can be granted, and, therefore, should be dismissed.

## THIRD DEFENSE

Some or all of Plaintiff's claims may be barred by the applicable statute of limitations.

## FOURTH DEFENSE

Some or all of Plaintiff's alleged injuries are due to the acts or omissions of persons other than Bollepalli.

## FIFTH DEFENSE

Some or all of Plaintiff's alleged injuries are due to the acts or omissions of a fellow servant.

## SIXTH DEFENSE

Some or all of Plaintiff's alleged injuries may be barred by laches.

## SEVENTH DEFENSE

Bollepalli had no actual or constructive knowledge of the circumstances or events described in the First Amended Complaint for Damages prior to their occurrence.

## EIGHTH DEFENSE

No act or omission of Bollepalli was the proximate cause of any damage, injury, or loss to Plaintiff.

## NINTH DEFENSE

Plaintiff failed to take reasonable steps to minimize or prevent the damages she claimed to have suffered.

## TENTH DEFENSE

Bollepalli denies that he acted in any manner so as to entitle Plaintiff to award of attorneys' fees, costs, punitive damages, or expenses of litigation. Plaintiff is not entitled to attorneys' fees and/or costs and Plaintiff has not asserted any facts establishing that she is entitled to any attorneys' fees or costs.

## ELEVENTH DEFENSE

Bollepalli did not breach any duty of care owed to Plaintiff.  Bollepalli exercised due care and diligence in all of the matters alleged.

## TWELFTH DEFENSE

Plaintiff's First Amended Complaint for Damages fails to state a claim for

punitive damages.

## THIRTEENTH DEFENSE

The imposition of punitive damages against Bollepalli would violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

## FOURTEENTH DEFENSE

Plaintiff's claims for attorney's fees and costs of litigation are barred as Bollepalli has, at all times relevant to this action, acted in good faith, not been stubbornly litigious, and not caused Plaintiff unnecessary trouble or expenses.

## FIFTEENTH DEFENSE

Plaintiff's failure to specifically state items of special damages sought in this action bars her recovery pursuant to Rule 9(g) of the Federal Rules of Civil Procedure.

## SIXTEENTH DEFENSE

All allegations not heretofore admitted, explained, or denied are here and now denied as set forth as though specifically denied therein.

## SEVENTEENTH DEFENSE

Bollepalli reserves the right to amend his Answer to include such other and further defenses that later may become apparent through further investigation and discovery.

**WHEREFORE**, Bollepalli respectfully prays as follows:

a)      Plaintiff's First Amended Complaint for Damages be dismissed on the grounds set forth above and all costs cast against Plaintiff;

b)      In the alternative, that judgment be granted in favor of Bollepalli on all counts;

c)      That Bollepalli have a trial by jury, as the law provides; and

d)      For such other and further relief that the Court deems just and proper.

This 6th day of August, 2025.

Respectfully submitted,

**CARR ALLISON**

By:   /s/ Sean W. Martin
    **SEAN W. MARTIN, GA BAR #474125**
    **STEPHEN A. SWANSON, GA BAR #759751**
    *Attorneys for Defendant Srinivas Bollepalli*
    633 Chestnut Street, Suite 2000
    Chattanooga, TN 37450
    (423) 648-9832 / (423) 648-9869 FAX
    swmartin@carrallison.com
    sswanson@carrallison.com

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 6th day of August, 2025.

By:   /s/ Sean W. Martin       
           **SEAN W. MARTIN, GA BAR #474125**
           **STEPHEN A. SWANSON, GA BAR #759751**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 6, 2025, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Denise D. Hoying
Peter A. Law
E. Michael Moran
Law & Moran
563 Spring Street NW
Atlanta, GA 30308

Patrick J. McDonough
Jonathan S. Tonge
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097

By:   /s/ Sean W. Martin       
           **SEAN W. MARTIN, GA BAR #474125**
           **STEPHEN A. SWANSON, GA BAR #759751**