UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T., | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * CASE NO. 4:24-CV-00225-WMR |
| | * |
| CARSON LOOP ESM, LLC d/b/a | * JURY DEMANDED |
| BUDGETEL, and | * |
| SRINIVAS BOLLEPALLI, | * |
| | * |
| Defendants. | * |

### BRIEF IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

COME NOW the Defendants, Carson Loop ESM LLC and Srinivas Bollepalli, by and through counsel, to submit this Brief in Support of their Motion for Summary Judgment filed pursuant to *Fed. R. Civ. P.* 56.

### SUMMARY OF ARGUMENT

Plaintiff claims to have been a victim of sex trafficking at the Budgetel hotel in Cartersville, Georgia between August 19, 2020 and August 25, 2020. However, a federal investigation into sex trafficking allegations at the hotel revealed, as confirmed by its lead investigator, that Plaintiff was not sex trafficked at or by the hotel. Absent evidence to prove her sex trafficking allegations against Defendants, summary judgment is warranted as a matter of law.

## STATEMENT OF FACTS

Between August 19, 2020 and August 25, 2020, Plaintiff S.T. was a guest at the Budgetel hotel located at 35 Carson Loop NW, Cartersville, Georgia 30121. (D.E. 46, p. 1, ¶ 1; Exhibit A, pp. 142:22-24; 218:14-220:2). Shreesh Tiwari was the manager of the hotel during Plaintiff's six-day stay. (Exhibit B, p. 15:1-5). Srinivas Bollepalli was the owner of the hotel during Plaintiff's six-day stay. (Exhibit A, p. 284:12-14). On August 25, 2020, Plaintiff made a report with the Bartow County Sheriff's Office alleging "[h]arassing [c]ommunications" from "Shreesh" who was allegedly "sexually harassing her." (Exhibit C). Plaintiff claimed that during her six-day stay at the hotel, "Shreesh . . . made remarks about sexual allegations." (Exhibit C). Plaintiff did not contemporaneously report to the authorities any sexual activity with "Shreesh" or anyone else at the hotel, nor did she report any sex trafficking activity involving her at the hotel. (Exhibit C). On February 19, 2021, the Department of Homeland Security (hereinafter "DHS") opened "an investigation into Shreesh [Tiwari] upon learning allegations of him sex trafficking women" at the hotel. (Exhibit D). On February 23, 2021, DHS Special Agent James Rives interviewed Plaintiff who advised that Mr. Tiwari "made sexual comments to her," "placed his hand in a chair that she was sitting down in," and "propositioned her for sex acts," the latter of which Plaintiff outrightly refused. ("[Plaintiff] stated that she [would] rather be homeless than have any sexual contact with [Tiwari] and left the

Budgetel on her own free will."). (Exhibit D). No sex trafficking evidence or allegations were disclosed to DHS on February 23, 2021. (Exhibit D). On June 21, 2021, DHS Special Agent James Rives requested and was granted a search warrant for the lobby of the hotel in furtherance of the investigation against Mr. Tiwari. (Exhibit E). In the search warrant application, DHS Special Agent James Rives provided a sworn affidavit summarizing his sex trafficking investigation findings, including that Plaintiff "refus[ed] to have sex with Shreesh [Tiwari]." (Exhibit E, p. 5, ¶ 9). According to DHS Special Agent James Rives, the search warrant application was not made or based on any sex trafficking allegations, facts, or evidence involving Plaintiff. (Exhibit B, p. 61:7-18). On August 24, 2022, Plaintiff contacted Christie Jones with the U.S. Department of Justice to inquire about the "case against shreesh Tiwari." (Exhibit F). In the correspondence, Plaintiff detailed her interactions with Mr. Tiwari, including that he "harassed [her] and touched [her] and took pictures of [her] and made [her] come to the office late hours so he could try to have sex with [her]." (Exhibit F). Plaintiff again confirmed that she "refused sex" with Mr. Tiwari, but was otherwise interested in "compensation." (Exhibit F). On December 8, 2022, DHS Special Agent James Rives, Assistant United States Attorney Leanne Marek, and Trial Attorney Kate Hill all met with Plaintiff at her home in Chatsworth, Georgia. (Exhibit G). In this in-person meeting, Plaintiff revealed that Mr. Tiwari engaged in "excessive sexual harassment . . . to include . .

3

. touching [Plaintiff's] buttocks." (Exhibit G). Plaintiff did not discuss or allege any sex trafficking activities involving Mr. Tiwari on December 8, 2022. (Exhibit G). On January 4, 2023, Plaintiff communicated with DHS Special Agent James Rives, but did not relay to him any allegations of sex trafficking involving Mr. Tiwari or the hotel. (Exhibit H). On June 1, 2023, Mr. Tiwari entered a guilty plea as to the sex trafficking allegations at the hotel, no allegations of which mentioned or had anything to do with alleged the sex trafficking of Plaintiff. (Exhibit B, pp. 51:22-52:10; Exhibit I). On September 19, 2024, Plaintiff filed her Complaint for Damages and alleged for the first time – contrary to any evidence or investigation conducted by DHS – that she was made to "perform oral sex on [Mr. Tiwari], threatening her with eviction if she refused." (D.E. 1, p. 8, ¶ 18). Plaintiff further alleged that Mr. Tiwari "forced [her] to have sex for money with a truck driver" – again an allegation that did not form the basis of any DHS investigation into Mr. Tiwari. (D.E. 1, p. 8, ¶ 19). However, as conceded to by DHS, Plaintiff was not sex trafficked while a guest at the Budgetel hotel. (Exhibit B, pp. 80:23-25; 86:20-23). Plaintiff further cannot point to any contemporaneous document, report, or evidence to substantiate her sex trafficking allegations against Defendants. (Exhibit A, pp. 270:10-273:11). Absent any such evidence, Plaintiff cannot recover in this case and summary judgment must be granted.

## **LAW AND ARGUMENT**

Under Rule 56 of the *Federal Rules of Civil Procedure*, summary judgment is appropriate when the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed. R. Civ. P.* 56. A defendant may do this by showing that no evidence in the record creates a jury issue on at least one essential element of the plaintiff's case. *Lau's Corp. v. Haskins*, 261 Ga. 491, 491 (1991). If there is no such evidence, the plaintiff's case "tumbles like a house of cards" and, to survive, the plaintiff must "point to specific evidence giving rise to a triable issue." *Id.* (emphasis added).

In this case, Plaintiff claims that she was forced to perform sex acts in exchange for money or on threat of eviction from the hotel. (D.E. 46, p. 8, ¶¶ 18-19). However, her Trafficking Victims Protection Reauthorization Act ("TVPRA") and general negligence claims are predicated on Plaintiff proving that she was in fact a victim of sex trafficking at the hotel. Her only purported proof of this is self-serving deposition testimony where even she cannot substantiate the sex trafficking that she claims took place. (Exhibit A, pp. 270:10-273:11). Unfortunately for Plaintiff, such conjecture – which is contradicted by the record evidence – is insufficient to withstand summary judgment in this case.

I. **Plaintiff's Complaint is directly contradicted by evidence in the record as she was not a victim of sex trafficking while a guest at the Budgetel hotel.**

At summary judgment, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007) (emphasis added). In *Scott v. Harris*, the United States Supreme Court found that, instead of relying on the appellant's version of the facts, the lower court should have relied on videotape of the appellant "racing down narrow, two-lane roads in the dead of night at speeds that [were] shockingly fast" to determine whether he was driving so as to "endanger human life." *Id.* at 380-81.

As in *Scott*, the undisputed evidence in this case contradicts Plaintiff's sex trafficking allegations. Immediately upon leaving the hotel, she reported Mr. Tiwari to the Bartow County Sheriff's Office – not to report sex trafficking activities, but to report "remarks" about sexual advances. (Exhibit C). Nearly six (6) months later, she again recounted her dealings with Mr. Tiwari, this time to DHS Special Agent James Rives, but again detailing only refusal of – and notably not forced participation in – sexual acts with Mr. Tiwari. (Exhibit D). DHS continued its investigation and represented to this Court via a search warrant application that Plaintiff was not the focus of, nor involved in, sex trafficking allegations against Mr. Tiwari. (Exhibit E). Nearly two (2) years after leaving the hotel, Plaintiff again

detailed her interactions with Mr. Tiwari, this time to the U.S. Department of Justice, and again confirmed that she refused to have sexual intercourse with him. (Exhibit F). Plaintiff then met with members of the U.S. Department of Justice and DHS some twenty-seven (27) months after leaving the hotel, and in this in-person meeting revealed again only sexual harassment – not sexual trafficking – activities of Mr. Tiwari. (Exhibit G). Plaintiff later communicated with DHS about the investigation into Mr. Tiwari, but again did not reveal, suggest, or mention any sex trafficking activities of which she was made to perform. (Exhibit H). In no less than five (5) meetings with law enforcement, never did Plaintiff disclose any forced sexual activity in exchange for money or on threat of eviction. (Exhibit C; Exhibit D; Exhibit F; Exhibit G; Exhibit H). The investigation into Mr. Tiwari otherwise ended with a guilty plea secured based on no allegations or evidence that Plaintiff was the victim of sex trafficking. (Exhibit I). DHS otherwise confirmed as such – that at most Plaintiff was sexually harassed by Mr. Tiwari, but not sex trafficked by him. (Exhibit B, pp. 80:23-25; 86:20-23).

With no evidence of Plaintiff's sex trafficking having occurred at all, Defendants cannot be liable to Plaintiff under any theory of liability, whether under the TVPRA, general negligence, or otherwise. Any other conclusion is a "blatant[] contradict[ion] [of the evidence in] the record" that no reasonably jury could believe. *Scott*, 550 U.S. at 380. Plaintiff fails to establish a most basic element of her claims

7

against Defendants – that she was a victim of sex trafficking while a guest at the Budgetel hotel between August 19, 2020 and August 25, 2020. Absent such evidence, summary judgment must be granted.

## CONCLUSION

Plaintiff cannot recover because she has no uncontradicted, non-speculative evidence of her sex trafficking while a guest at the Budgetel hotel. This omission is fatal to her claims against Defendants and, as a result, Defendants are entitled to summary judgment.

Respectfully submitted,

**CARR ALLISON**

By: /s/ Sean W. Martin
**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**
*Attorneys for Defendants*
633 Chestnut Street, Suite 2000
Chattanooga, TN 37450
(423) 648-9832 / (423) 648-9869 FAX
swmartin@carrallison.com
sswanson@carrallison.com

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(D), I hereby certify the foregoing document complies with the font and point selections permitted by Local Rule 5.1(B). This document was prepared on a computer using Times New Roman font in 14 point.

This 30th day of January, 2026.

By:   /s/ Sean W. Martin

**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**

## CERTIFICATE OF SERVICE

I hereby certify that on January 30, 2026, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

Denise D. Hoying
Peter A. Law
E. Michael Moran
Law & Moran
563 Spring Street NW
Atlanta, GA 30308

Patrick J. McDonough
Jonathan S. Tonge
Andersen, Tate & Carr, PC
One Sugarloaf Centre
1960 Satellite Blvd., Suite 4000
Duluth, GA 30097

By:   /s/ Sean W. Martin

**SEAN W. MARTIN, GA BAR #474125**
**STEPHEN A. SWANSON, GA BAR #759751**