# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| A.H., <br><br> Plaintiff, <br><br> v. <br><br> CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 4:24-cv-00224-WMR |

## DEFENDANTS' RESPONSE TO PLAINTIFF'S
## FIRST REQUESTS FOR ADMISSIONS TO DEFENDANTS

COME NOW, **CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI** ("Defendants"), named as Defendants in the above-captioned matter, and pursuant to the provisions of Fed. R. Civ. P. 36, file this their Response to Plaintiff's First Requests for Admissions to Defendants as follows. These Responses are continuing and based upon Defendants' knowledge at the time of response, and may be amended and/or supplemented as appropriate as information becomes available:

## REQUESTS FOR ADMISSIONS

1.

You have been correctly named in the present cause insofar as the legal designation of names is concerned.

**RESPONSE:** The allegations in Request No. 1 are admitted.

2.

That you have been properly served as a party defendant.

**RESPONSE:** The allegations in Request No. 2 are admitted.

3.

That process is sufficient with regard to you in this case.

**RESPONSE:** The allegations in Request No. 3 are admitted.

4.

That service of process is sufficient with regard to you in this case.

**RESPONSE:** The allegations in Request No. 4 are admitted.

5.

The United States District Court, Northern District of Georgia, Rome Division has jurisdiction over the subject matter of this case.

**RESPONSE:** The allegations in Request No. 5 are denied upon information and belief.

6.

The United States District Court, Northern District of Georgia, Rome Division has personal jurisdiction over you as a party defendant in this case.

**RESPONSE:**  The allegations in Request No. 6 are admitted.

7.

Venue is proper in the United States District Court, Northern District of Georgia, Rome Division.

**RESPONSE:**  The allegations in Request No. 7 are admitted.

8.

Plaintiff states a claim upon which relief can be granted.

**RESPONSE:**  The allegations in Request No. 8 are denied.

9.

Plaintiff has not failed to join a party under Fed. R. Civ. P. 19.

**RESPONSE:**  The allegations in Request No. 9 are denied.

10.

From October 2019 through June 29, 2021, you owned the Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121.

**RESPONSE:**  The allegations in Request No. 10 are admitted as to Defendant Carson Loop, LLC, d/b/a Budgetel only. All other allegations and imputations of liability in Request No. 10 are denied.

11.

From June of 2020 through June 29, 2021, you managed and were in control of the Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121.

**RESPONSE:** The allegations in Request No. 11 are admitted only insofar as Srinivas Bollepalli sometimes performed management duties on the premises described. The remaining allegations and all imputations of liability contained in Request No. 12 are denied.

12.

From June of 2020 through June 29, 2021, you inspected the Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121.

**RESPONSE:** Defendants object to Request No. 12 as the term "inspected" is vague. Subject to the foregoing objections and without waiving same, Defendants admit only that periodic walkthroughs and inventories of the property were conducted by Srinivas Bollepalli, and to the extent "inspection" compasses such activities, Bollepalli engaged in such inspections. The remaining allegations and all imputations of liability contained in Request No. 12 are denied.

13.

From June of 2020 through June 29, 2021, you were responsible for keeping the premises safe for Defendants' invitees at the Budgetel located at 35 Carson Loop NW, Cartersville, GA 30121.

**RESPONSE:** Defendants object to Request No. 13 as a legal conclusion which they can neither admit nor deny, and so the allegations and all imputations of liability contained therein are denied.

14.

From June 2020 through June 29, 2021, Defendants employed A.H. as a housekeeper at the subject Budgetel.

**RESPONSE:** In response to Request No. 14, Defendants state that they are without sufficient information (namely, the name/ identity of A.H.) to admit or deny the allegations in this Request. By way of further response, Defendants admit upon their best recollection, information, and belief that an individual with the initials "A.H." was employed at some point as a housekeeper on the premises, but denies the remaining allegations and all imputations of liability in this Request.

15.

From June 2020 through June 29, 2021, A.H. paid rent to Defendants for her room at the subject Budgetel.

**RESPONSE:** In response to Request No. 15, Defendants state that they are without sufficient information (namely, the name/ identity of A.H.) to admit or deny the allegations in this Request. By way of further response, Defendants admit upon their best recollection, information, and belief that an individual with the initials

"A.H." rented a room at the Budgetel with subsidized rent, but denies the remaining allegations and all imputations of liability in this Request.

16.

From June 2020 through June 29, 2021, A.H. was an invitee at the Budgetel.

**RESPONSE:** Defendants object to Request No. 16 as a legal conclusion which they can neither admit nor deny, and so the allegations and all imputations of liability contained therein are denied.

17.

Prior to June 29, 2021, you had actual knowledge of criminal activity occurring at the subject Budgetel.

**RESPONSE:** The allegations in Paragraph 17 are denied upon Defendants' best recollection, information, and belief.

18.

2020, you hired Shreesh Tiwari to manage the subject Budgetel on your behalf.

**RESPONSE:** The allegations in Request No. 18 are denied as stated. By way of further response, Defendants admit only that Tiwari was hired as an independent contractor to perform on-the-ground operations on the premises, but deny that Tiwari was the manager and deny that Tiwari had the power to hire or fire employees.

19.

From June of 2020 through June 29, 2021, you paid Shreesh Tiwari to manage the subject Budgetel.

**RESPONSE:** The allegations in Request No. 19 are denied as stated. By way of further response, Defendants admit only that Tiwari was paid as an independent contractor to perform on-the-ground operations on the premises, but deny that Tiwari was the manager and deny that Tiwari had the power to hire or fire employees.

20.

From June of 2020 through June 29, 2021, Shreesh Tiwari lived at the subject Budgetel with your permission and consent.

**RESPONSE:** The allegations in Request No. 20 are admitted.

21.

Prior to June 29, 2021, you knew that women claimed that they were victims of sex and labor trafficking at the subject Budgetel.

**RESPONSE:** The allegations in Paragraph 21 are denied.

22.

Defendants did not take any action to warn A.H. of any danger at the subject Budgetel.

**RESPONSE:** Defendants object to Request No. 22 as the term "danger" is vague and undefined. Subject to the foregoing objections and without waiving same,

Defendants deny the implicit premise of this Request and state that Defendants had no knowledge of any "danger" such as described in the Complaint, and on that basis admit that they issued no warning of any such. The remaining allegations and all imputations of liability contained in Request No. 22 are denied.

23.

From June 2020 through June 29, 2021, you benefitted financially from the renting of rooms at the subject Budgetel.

**RESPONSE:**  The allegations in Request No. 23 are admitted.

24.

From June 2020 through June 29, 2021, you received financial compensation for the rental of rooms at the subject Budgetel.

**RESPONSE:**  The allegations in Request No. 23 are admitted.

25.

Prior to June 29, 2021, you read online reviews for the subject Budgetel.

**RESPONSE:**  The allegations in Request No. 23 are admitted.

26.

Prior to June 29, 2021, you were aware that reviews related to the subject Budgetel reflected that there were problems with the property.

**RESPONSE:** Defendants object to Request No. 26 as the term "problems" is vague and undefined, and therefore Defendants cannot admit nor deny the allegations therein, and deny all imputations of liability contained in same.

27.

In October of 2019, while you owned and operated the subject Budgetel, it was shut down by the Georgia government officials.

**RESPONSE:** The allegations in Request No. 27 are admitted upon best recollection, information, and belief only insofar as a shutdown occurred unrelated to the allegations in the Complaint. The remaining allegations and all imputations of liability contained in Request No. 27 are denied.

28.

On or about June 29, 2021, Homeland Security arrested defendants' manager Shreesh Tiwari for sex and labor trafficking at the subject Budgetel.

**RESPONSE:** In response to the allegations in Paragraph 28, Defendants admit upon their best recollection, information, and belief only that Shreesh Tiwari was arrested on allegations of sex and labor trafficking at the subject Budgetel. The remaining allegations and all imputations of liability contained in Request No. 28 are denied.

29.

On June 1, 2023, Shreesh Tiwari pled guilty to trafficking Plaintiff at the subject Budgetel.

**RESPONSE:** In response to the allegations in Paragraph 29, Defendants admit upon information and belief only that Tiwari pled guilty to sex trafficking. Defendants are without sufficient information to admit or deny the remaining allegations in Paragraph 29, and so the said allegations and all imputations of liability stand denied.

30.

You interacted with Plaintiff while she lived and worked at the subject Budgetel.

**RESPONSE:** In response to Request No. 30, Defendants state that they are without sufficient information (namely, the name/ identity of A.H.) to admit or deny the allegations in this Request. By way of further response, Defendants admit upon their best recollection, information, and belief that an individual with the initials "A.H." was employed at some point as a housekeeper on the premises and that Defendants interacted with same, but deny the remaining allegations and all imputations of liability in this Request.

31.

You knew, prior to June 29, 2021, that Plaintiffs compensation for her work as a housekeeper at the Budgetel was identical to the amount she was charged in rent for her room at the Budgetel.

**RESPONSE:** The allegations in Request No. 31 are denied upon Defendants' best recollection, information, and belief.

32.

Housekeepers and other employees at the Budgetel were paid, at least on some occasions, via CashApp.

**RESPONSE:** The allegations in Request No. 32 are denied upon Defendants' best recollection, information, and belief.

Respectfully submitted this 21st day of February, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel: 404-954-5000
Fax: 404-954-5020
Email: pfriduss@hallboothsmith.com
Email: joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| A.H., <br><br> Plaintiff, <br><br> v. <br><br> CARSON LOOP ESM, LLC D/B/A BUDGETEL, and SRINIVAS BOLLEPALLI, <br><br> Defendants. | CIVIL ACTION FILE <br> NO. 4:24-cv-00224-WMR |

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Defendants' Response to Plaintiff's First Requests for Admissions to Defendants** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

| | |
|---|---|
| Peter A. Law, Esq. | Patrick J. McDonough, Esq. |
| E. Michael Moran, Esq. | Jonathan S. Tonge, Esq. |
| Denise D. Hoying, Esq. | Andersen, Tate & Carr, P.C. |
| Law & Moran | One Sugarloaf Centre |
| 563 Spring Street, N.W. | 1960 Satellite Boulevard |
| Atlanta, GA 30308 | Suite 400 |
| *pete@lawmoran.com* | Duluth, GA 30097 |
| *mike@lawmoran.com* | *pmcdonough@atclawfirm.com* |
| *denise@lawmoran.com* | *jtonge@atclawfirm.com* |

Respectfully submitted this 21st day of February, 2025.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob Stalvey O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316

*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax:  404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com

2