IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | | |
|---|---|---|
| S.T. | ) | |
|    Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION FILE NO. 4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a BUDGETEL, and SRINIVAS BOLLEPALLI, | ) ) ) ) ) | |
|    Defendants. | ) ) | |

# DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COME NOW Defendant Carson Loop ESM, LLC d/b/a Budgetel ("Carson Loop") and Srinivas Bollepalli ("Bollepalli") (collectively "Defendants") and submit this Reply in support of their Motion for Summary Judgment, respectfully showing the Court the following:

## I. Plaintiff's Opposition Mischaracterizes the Record and Cannot Create a Genuine Issue by Contradicting Her Prior Statements to Law Enforcement

Plaintiff's opposition to Defendants' Motion for Summary Judgment asserts that Defendants "admit" facts establishing sex trafficking, but she cites Defendants' recitation of investigative summaries, not concessions of liability. The core, undisputed points in the investigative record revealed in this matter show that,

1

when Plaintiff reported her concerns, she *did not* identify herself as a sex trafficking victim involving Defendants' employee Shreesh Tiwari ("Tiwari").

The record is rife with examples of Plaintiff failing in any way to claim that she was a victim of sex trafficking for the nearly three years she was in contact with law enforcement regarding her involvement with the Defendants' motel. Plaintiff's first and only allegations of having been trafficked came when she filed the instant lawsuit against Defendants.

First, Plaintiff reported to the Bartow County Sheriff's Office on August 25, 2020, and *did not* identify any sex trafficking allegations involving herself and Tiwari in that report. Though Plaintiff uses mental gymnastics to attempt to deny this fact in her Opposition to Defendants' Statement of Material Facts, stating that she did not disclose all of the facts relating to Tiwari's treatment of her at the motel because her son was present with her, there is exactly zero evidence of her son being present when she gave her statement to law enforcement other than her own self-serving statement at the time of her deposition. See *Pltf's Opp to Defs' Statement of Material Facts* at 2.

Thereafter, on February 23, 2021, during an interview with Special Agent Rives of the Department of Homeland Security, Plaintiff *did not* identify sex trafficking allegations involving herself and Tiwari. Again, Plaintiff's only basis to deny this statement of fact is her self-serving statement that "although she cannot

2

recall the specific date, Plaintiff told Agent rives about her ordeal in a phone call early in his investigation and told him and his team all of the facts in detail during an in-person meeting later in the investigation." *Id.* at 3. This self-serving testimony is in direct contradiction to Agents Rives' unequivocal testimony that he found no evidence of sex trafficking with regard to S.T. during the course of his investigation as was fully set forth in Defendants' Statement of Material Facts.

Subsequently, on June 21, 2021, Special Agent Rives applied for a search warrant, *none of which* was related to any alleged trafficking of Plaintiff or criminal conduct toward her. While Plaintiff denies this fact in her Opposition, the record from Agent Rives' deposition testimony is clear that facts in his search warrant were *not* based on Plaintiff in any way.

On August 24, 2022, Plaintiff emailed individuals at the Department of Justice stating Tiwari "harassed me and touched me and took pictures of me" and threatened eviction; however, Agent Rives conducted a comprehensive investigation and found that no evidence of sex trafficking existed with regard to this Plaintiff. While Plaintiff is entitled to feel however she chooses about her interactions with Tiwari, her feelings and self-serving statements are not evidence of trafficking sufficient to withstand a Motion for Summary Judgment.

On December 8, 2022, Plaintiff met with representatives of the Department of Homeland Security and Department of Justice. Plaintiff's Response to

Defendant's Motion for Summary Judgment asserts she then disclosed substantial details about having been trafficked by Tiwari but cites only her later self-serving deposition testimony to claim those disclosures were made. This is in the face of Agent Rives having testified clearly that no trafficking of the Plaintiff occurred.

On January 4, 2023, Plaintiff communicated with Agent Rives but did not identify any sex trafficking allegations and Plaintiff concedes the exhibit relating to that communication contains no allegations of sex trafficking. While Plaintiff admits this fact to be true, she conveniently denies that her failure to disclose any sex trafficking allegations as shown her is material.  Plaintiff's failure to disclose any facts relating to allegations of her having been trafficked by Tiwari when she had not been present at the Budgetel for over two years, had not been in Tiwari's presence over over two years, she was no longer in any perceived "danger" from Tiwari, and she has presented no sound reason for failing to make such a disclosure is absolutely material to this case. The Court should reject Plaintiff's denial and consider this fact among the many supporting the granting of summary judgment.

On June 1, 2023, Tiwari's guilty plea did not identify Plaintiff as a sex trafficking victim involving Tiwari. While Plaintiff attempts to deny this fact by reliance solely on her self-serving deposition testimony that she reported trafficking to Agent Rives, the fact stands that precisely nothing in Tiwari's guilty plea to trafficking related to Plaintiff in any way.

4

Plaintiff's explanation that she withheld information from law enforcement to protect her son from hearing the allegations is not corroborated in the contemporaneous records she invokes, and her effort to retrofit those records via her own deposition testimony does not satisfy Rule 56. Plaintiff cites propositions and inadmissible testimony about why, generally, some victims make delayed disclosures, her own Response acknowledges that Special Agent Rives' investigation did not show Plaintiff was a sex trafficking victim at the motel.

On the whole, the only "evidence" Plaintiff asserts that supports her late-claimed allegations of sex trafficking by Tiwari with the Defendants' actual or constructive knowledge of and benefit from the same is her own self-serving deposition testimony. Because one's own self-serving assertions are not sufficient to create a genuine issue of material fact to withstand a motion for summary judgment, the Court must rule in Defendants' favor and grant summary judgment.

**II.    Even If The Underlying Conduct Occurred, Summary Judgment On Plaintiff's Sex Trafficking Claim Under The TVPRA Is Warranted For Lack Of The Defendants' "Knowingly Benefitting" From Same**

Essentially all of S.T.'s response brief (Doc. 60) is devoted to the proposition that, because there is evidence (S.T.'s own testimony) that Tiwari forced conduct with himself and another, this conclusively establishes the Defendants' liability under the TVPRA. But there is are two critically missing elements here: the Defendants' knowledge, and evidence that they benefitted.

5

The civil remedy for sex trafficking claims is provided for by the TVPRA at 18 U.S.C.A. § 1595(a), which states: "An individual who is a victim of a violation of this chapter may bring a civil action against the perpetrator (or whoever **knowingly benefits**, or **attempts or conspires to benefit**, **financially or by receiving anything of value** from **participation in a venture which that person knew or should have known** has engaged in an act in violation of this chapter) in an appropriate district court of the United States and may recover damages and reasonable attorneys fees." (emphasis supplied).

The United States Court of Appeals for the Eleventh Circuit (hereinafter "the Eleventh Circuit") has announced four elements, each of which is required to be established in order to impose civil liability under 18 U.S.C.A. § 1595(a), which are that the defendant:

(1) knowingly benefitted;
(2) the benefit came from taking part in a common undertaking or enterprise involving risk and potential profit;
(3) that the undertaking or enterprise in question itself violated the TVPRA as to the plaintiff; *and*
(4) that the defendant had actual or constructive knowledge that the undertaking or enterprise violated the TVPRA as to the Plaintiff.

See <u>Doe#1 v. Red Roof Inns, Inc.</u>, 21 F.4th 714 (11th Cir. 2021).

The TVPRA, by reference to the chapter in which it appears, codifies "sex trafficking" as occurring when a perpetrator "knowingly… **in or affecting interstate or foreign commerce**. recruits, entices harbors, transports, provides,

6

obtains, advertises, maintains, patronizes, or solicits by any means a person; or benefits, financially or by receiving anything of value, from participation in a venture which has engaged in [an act described above], knowing, or (…) in reckless disregard of the fact, that means of force, threats of force, fraud, [or] coercion… will be used to cause the person to engage in a **commercial sex act**." 18 U.S.C.A. § 1591(a) (emphasis supplied).

### a. There Is No Evidence The Defendants Benefitted, Knowingly Or Otherwise, From Any TVPRA Violation

It is not enough for the "benefit" portion of the "knowingly benefit" prong that a defendant was somehow made better off in the abstract through the sex or labor trafficking acts taking place; there must be some direct benefit profiting a defendant in order to meet this element. The Eleventh Circuit expounded upon this in Bridges v. Poe, 155 F.4th 1302 (11th Cir. 2025). In that case, the plaintiffs contended they were sex trafficked when jailers and inmates together orchestrated a complicated scheme whereby inmates were given trustee status in exchange for sex with jailers, and that they were victims of labor trafficking when they provided the municipality with free labor performing jobs around the jail. Bridges, 155 F.4th at 1320. The Eleventh Circuit disagreed, stating that "even if we were to accept that female trustees conferred some kind of financial benefit on the City by cutting costs, that would not be enough." Id. The Court went on to address the "knowing" aspect,

7

holding that "[t]here is zero evidence that the City *knowingly* benefited from the program, or that its officials had constructive or actual knowledge that the undertaking or enterprise violated the TVPRA as to the plaintiff[s][,]" and granting summary judgment to the defendants. Id. (emphasis in original) (citation and quotation omitted).

There is no evidence in this case that either Carson Loop as a business entity, or Sri Bollepalli himself, knew that the underlying alleged acts of Tiwari regarding S.T. were happening. Moreover, there is no evidence of a benefit—for example, that the third party patron S.T. says Tiwari forced her to engage in sex acts with only stayed at the Budgetel in order to participate in same, or that any money changing hands found its way into the coffers of the Budgetel. In the absence of such evidence of knowledge or benefit, S.T.'s sex trafficking claims must fail.

  **b. There Is No Evidence Of A Common Undertaking *In Furtherance Of* Sex Or Labor Trafficking, i.e., Where Such An Undertaking Was In Fact In Violation Of The TPRA**

To meet the second and third elements of the Eleventh Circuit's TVPRA violation formula, simply being involved in *a* joint venture—like operating a motel—is not enough. To be liable, the venture or common undertaking in which a defendant is engaged must be the "common undertaking **of** […] trafficking." Doe #1 v. Red Roof Inns, Inc., 21 F.4th 714, 727 (11th Cir. 2021) (emphasis supplied). And even awareness of trafficking, where it occurs (which Defendants do not admit

8

happened here) does not attach liability without some proactive action toward the object of trafficking; "observing something is not the same as participating in it." Id. In Doe, the plaintiff alleged that a hotel franchisor sent inspectors to the premises where they would have seen signs of sex trafficking, and that they received reviews mentioning sex work occurring at the hotels. 21 F.4th at 727. The Eleventh Circuit made the finding above and dismissed those claims, holding that the TVPRA beneficiary claims must fail.

This Court, too, has emphasized that a joint venture must be in furtherance, or to the purpose, of the trafficking—in other words, that trafficking occurs in the course of some other venture *with some other object* (such as running a motel) does not meet these elements. In G.W. v. Northbrook Industries, Inc., there was evidence that rented rooms at the hotel for 11 nights over 3 months, for the purpose of sex trafficking; and that the hotel benefitted from the income of renting the rooms; even that the hotel *knew* and turned a blind eye to trafficking and prostitution on the property. 739 F.Supp.3d 1243 (N.D. Ga. 2024). This Court held that "[i[t is not enough for the purposes of the participation prong that [the hotel] knew or should have known that sex trafficking was occurring at its property. For participation liability to attach under § 1595(a), [a plaintiff] must show *more* than [the hotel's] knowledge of the illicit activity and its rental of rooms to Plaintiff's traffickers.(…) [A plaintiff] must show at least some connection between [the hotel's] and her

9

traffickers' actions, and she must show that [the hotel**] took steps to advance the object** of that relationship." Id. at 1251 (emphasis supplied).

Here, the events S.T. describes took place at Tiwari's instigation, but there is no evidence that Carson Loop or Bollepalli instructed Tiwari to do this, nor that they otherwise had any hand in furthering Tiwari's actions. Summary judgment is warranted because S.T. cannot point to a disputed issue of material fact wherefrom a jury could find these elements of the TVPRA's provisions are met.

### c. S.T. Cannot Show The Requisite Knowledge On Defendants' Part

There is no evidence of any actual knowledge of Tiwari's alleged actions toward S.T. on the part of Bollepalli or Carson Loop; for S.T.'s claims to survive summary judgment, then, there must be facts from which a jury could conclude the Defendants had *constructive* knowledge. But there are no such sufficient facts here.

### III. All Federal Claims Being Ripe For Summary Judgment For Defendants, The Court Should Decline To Exercise Supplemental Jurisdiction Over S.T.'s Remaining State Law Claims

Since S.T.'s federal sex and labor trafficking claims fail on summary judgment for the reasons shown above, Defendants respectfully request the Court decline supplemental jurisdiction over the remaining Georgia law negligence claims. See, e.g., Bruce v. U.S. Bank National Association, 770 Fed.Appx. 960 (11th Cir. 2019).

## IV. There Is No Evidence From Which A Jury Could Find The Defendants Negligent

### A. O.C.G.A. § 51-3-1 And General Allegations Of Failure To Warn Or Keep Premises Safe

O.C.G.A. § 51-3-1 provides that "[w]here an owner or occupier of land, by express or implied invitation, induces or leads others to come upon his premises for any lawful purpose, he is liable in damages to such persons for injuries caused by his failure to exercise ordinary care in keeping the premises and approaches safe."

In addition to this provision, S.T. attempts to hold Defendants liable for general premises liability, including failure to provide adequate lighting and security; failure to warn invitees of known hazards; failure to keep the property safe; failure to prevent and remove loiterers and trespassers; failure to properly hire, train, and supervise employees; general negligent security; and failure to properly inspect and maintain the premises. (See Amended Complaint)

Georgia law requires premises owners to exercise ordinary care to keep the premises safe, which is the degree of care exercised by ordinarily prudent individuals under the same or similar circumstances. See, e.g., Mullinax et al. v. Pilgrim's Pride corp., 354 Ga. App. 186 (2020); accord O.C.G.A. § 51-3-1. S.T. has the burden to show that Defendants had actual or constructive knowledge of an unsafe condition (i.e., in this case, sex or labor trafficking at the hands of Tiwari)

11

and that S.T. lacked the same knowledge despite her own exercise of ordinary care. See, e.g., Camelot club Condominium Assoc., Inc. v. Afari-Opoku, 340 Ga. App. 618 (2017).

Where an invitee is injured by a third party's intervening criminal act, the proprietor is generally insulated from liability. See, e.g., Martin v. Six Flags Over Georgia (II), LP, 301 Ga. 323, 328 (II), 801 S.E.2d 24 (2017). The exception arises where the proprietor had sufficient reason to anticipate the criminal conduct in question. Id. "[T]he **foreseeability of** *the criminal act* informs whether the proprietor's duty of ordinary care... encompasses the duty to keep invitees safe from third-party criminal conduct." Georgia CVS Pharmacy, LLC v. Carmichael, 316 Ga. 718, 722, 890 S.E.2d 209, 219 (2023) (emphasis supplied). But, "without foreseeability that a criminal act will occur, **no duty** on the part of the proprietor to exercise ordinary care to prevent that act arises." Id. (emphasis supplied). "The existence of a legal duty... is a question of law for the court." Maynard v. Snapchat, Inc., 313 Ga. 533, 535-36(2), 870 S.E.2d 739 (2022).

The reasonable foreseeability of a third-party criminal act is determined from the totality of the circumstances; and "evidence of **substantially similar** prior criminal activity is typically central to the inquiry." Georgia CVS, supra, 316 Ga. at 727 (2023). The Georgia Supreme Court in Georgia CVS has instructed the following:

> Whether knowledge of such past crimes in fact gave the proprietor reason to anticipate the criminal act in question — i.e., whether the act was reasonably foreseeable — depends on the "location, nature and extent of the prior criminal activities and their ***728** likeness, proximity or other relationship to the crime in question." Id.[8] This makes good sense: if the past crimes in question (1) happened closer in proximity to the subject premises, (2) happened closer in time to the criminal conduct at issue, (3) happened more frequently, and (4) were more similar to the act that is the subject of the litigation, then all else equal, a proprietor will ordinarily have better and stronger reasons to anticipate that the particular criminal act could occur on the premises.
>
> Georgia CVS Pharmacy, LLC v. Carmichael, 316 Ga. 718, 727-28, 890 S.E.2d 209, 223 (2023).

There is no evidence in this case that Bollepalli or Carson Loop had prior notice that Tiwari posed a risk of being a sex or labor trafficker. Bollepalli checked Tiwari's references, and had no knowledge of any prior criminal history. (Bollepalli Dep. At 76:25-77:13). Absent evidence of prior knowledge of the kind of harms S.T. allegedly suffered at Tiwari's behest, negligence cannot attach to the Defendants, and summary judgment—if the Court addresses the Georgia law claims—is warranted.

### B. O.C.G.A. § 41-1-1, Creating And Maintaining A Nuisance

To be liable for nuisance, the tortfeasor must be either the cause or a concurrent cause of the creation, continuance, or maintenance of the nuisance. Sumitomo Corp. of America v. Deal, 256 Ga.App. 703, 569 S.E.2d 608 (2002), certiorari denied. In this case, neither Bollepalli himself, nor Carson Loop,

13

"caused" Tiwari to engage in the alleged sex acts with S.T or any other action of which S.T. complains. And there is no evidence that they knew of any such, prior to the motel being raided; therefore, they cannot be said to have caused the continuance of any such nuisance posed by Tiwari. Summary judgment on S.T.'s nuisance claim should be granted.

### C. O.C.G.A. § 16-5-47 Notice Requirements Were Observed

This provision requires hotels to post a model notice from the Georgia Bureau of Investigation providing information to access a human trafficking hotline. O.C.G.A. § 16-5-47(b), (c). The trafficking hotline notice required by O.C.G.A. § 16-5-47 was in fact posted at the Budgetel (Bollepalli Dep. At 73:12-74:24; Exhibit 5 to same). Therefore, Defendants are entitled to summary judgment.

### V. S.T. Is Not Entitled To Punitive Damages Or Attorney's Fees

There being no surviving claims on summary judgment, and there being no evidence that the Defendants have been stubbornly litigious, vexatious, or wanton, S.T. is not entitled to punitive damages or attorney's fees, and all such claims should be dismissed on summary judgment.

## CONCLUSION

For the foregoing reasons and those stated in the Defendants principal Brief, Defendants respectfully request that their Motion for Summary Judgment be GRANTED.

Respectfully submitted this 13th   day of March, 2026.

                                                **HALL BOOTH SMITH, P.C.**

| | |
|---|---|
| 191 Peachtree Street, N.E. | */s/ Jacob O'Neal* |
| Suite 2900 | PHILLIP E. FRIDUSS |
| Atlanta, GA 30303-1775 | Georgia Bar No. 277220 |
| Tel:  404-954-5000 | JACOB STALVEY O'NEAL |
| Fax:  404-954-5020 | Georgia Bar No. 877316 |
| Email:  pfriduss@hallboothsmith.com | *Counsel for Defendants* |
| Email:  joneal@hallboothsmith.com | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ROME DIVISION

| | |
|---|---|
| S.T.,<br><br>                          Plaintiff,<br><br>        v.<br><br>CARSON LOOP ESM, LLC d/b/a BUDGETEL and SRINIVAS BOLLEPALLI,<br><br>                          Defendants. | CIVIL ACTION FILE NO:<br>4:24-CV-00225-WMR<br><br>**JURY TRIAL DEMANDED** |

**CERTIFICATE OF SERVICE**

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Reply in Support of Summary Judgment** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

| | |
|---|---|
| Peter A. Law, Esq.<br>E. Michael Moran, Esq.<br>Denise D. Hoying, Esq.<br>**LAW & MORAN**<br>563 Spring Street, N.W.<br>Atlanta, GA 30308<br>pete@lawmoran.com<br>mike@lawmoran.com<br>denise@lawmoran.com<br>*Counsel for Plaintiff* | Patrick J. McDonough, Esq.<br>Jonathan S. Tonge, Esq.<br>Jennifer Webster, Esq.<br>**ANDERSEN, TATE & CARR, P.C.**<br>One Sugarloaf Centre<br>1960 Satellite Blvd, Suite 4000<br>Duluth, GA 30097<br>pmcdonough@atclawfirm.com<br>jtonge@atclawfirm.com<br>jwebster@atclawfirm.com<br>*Counsel for Plaintiff* |
| Sean William Martin, Esq.<br>Carr Allison, Esq.<br>633 Chestnut Street<br>Suite 2000<br>Chattanooga, TN 37450<br>swmartin@carrallison.com<br>sswanson@carrallison.com<br>*Counsel for Defendants* | Michael C. Kendall, Esq.<br>**KENDALL LEGAL, LLC**<br>3152 Golf Ridge Boulevard<br>Suite 201<br>Douglasville, GA 30135<br>mike@kendall-legal.com<br>*Counsel for Defendants* |

Respectfully submitted this 13th day of March, 2026.

**HALL BOOTH SMITH, P.C.**

/s/ *Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax: 404-954-5020
Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com