# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| S.T., | |
| Plaintiff, | |
| v. | CIVIL ACTION FILE NO:<br>4:24-CV-00225-WMR |
| CARSON LOOP ESM, LLC d/b/a<br>BUDGETEL and SRINIVAS<br>BOLLEPALLI, | **JURY TRIAL DEMANDED** |
| Defendants. | |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S STATEMENT OF MATERIAL FACTS

COME NOW Defendants to file their response to Plaintiff's Statement of Additional Material Facts pursuant to N.D. Ga. LR 56.1(B)(3), respectfully showing the Court as follows:

1.

Defendants Carson Loop ESM, LLC and Srinivas Bollepalli owned, operated, maintained, and controlled the Budgetel. (Ex. C, Bollepalli Dep., 13:1-14; 21:12-14; 136:1).

**RESPONSE:** Defendants object in that this proffered evidence regarding Srinivas Bollepalli does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR

56.1(B)(1) because it is stated as an issue or legal conclusion. The Court may

properly consider this fact on summary judgment as to Carson Loop ESM,

LLC..

## 2.

Defendants admit that they benefitted financially and received financial

compensation from the renting of rooms at the subject Budgetel. (Ex. D,

Defendants' Responses to Requests for Admission, ¶¶ 23, 24).

**RESPONSE:** The Court may properly consider this fact on summary

judgment.

## 3.

In January of 2020, Defendants hired Shreesh Tiwari to be Budgetel's onsite

manager after he responded to a Facebook ad. (Ex. C, Bollepalli Dep., 24:6-14;

39:8-10).

**RESPONSE** Defendants object in that this proffered evidence does not

support the respondent's fact, is otherwise not material to the issues regarding the

Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue

or legal conclusion. The Court may otherwise properly consider the fact that Carson

Loop ESM, LLC contracted with Tiwari to perform work at the Budgetel.

## 4.

They called one reference but did no other background check, and provided Tiwari with no training apart from an eight-page presentation. (Ex. C, Bollepalli Dep., 82:8-24, 83:3-23).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants..

5.

Defendants provided all the supplies for the motel, including everything Tiwari needed to do his job. (Ex. C, Bollepalli Dep., 40:15-41:7).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants..

6.

Tiwari managed the motel around the clock, 7 days a week, and he was not allowed to work anywhere else. (Ex. C, Bollepalli Dep., 79:10-24).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

7.

He had no decision-making authority and no authority to set rules or policies and procedures for the motel – rather, he acted at Defendants' direction. (Ex. A, Bollepalli Dep., 81:2-13; 146:10-23).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

8.

In addition to his other duties, Tiwari was empowered by Defendants to evict people from the motel. (Ex. A, Bollepalli Dep., 89:9-12).

**Response**: The Court may properly consider this evidence on summary judgment.

9.

Everything at the motel was under Bollepalli's control and he was at the motel every other day. (Ex. D, Rives Dep., 21:7-14, Ex. A, Bollepalli Dep., 38:8¬18; 39:5-7; 136:1).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

10.

Everyone working at the Budgetel was employed by Carson Loop ESM, LLC, including all housekeepers, front desk and maintenance employees, and Tiwari, the manager. (Ex. A, Bollepalli Dep., 54:5-11).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact as to Tiwari, is otherwise not material to the issues and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion as to Tiwari. The Court may properly consider the remainder of this evidence on summary judgment.

11.

Prior to Tiwari's arrest for sex and labor trafficking in 2021, Bollepalli did not know anything about human trafficking and he provided no training to any of his employees, including Tiwari, on how to identify and prevent trafficking. (Ex. A, Bollepalli Dep., 85:8-86:4).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact as to "Bollepalli [] provided no training (…) identify

and prevent trafficking" and is otherwise not material to the issues regarding the Defendants. The Court may properly consider that, prior to Tiwari's arrest, Bollepalli did not know anything about human trafficking.

## 7.

In August of 2020, Plaintiff and her family were homeless after Plaintiff was laid off from her job as a tax preparer in the wake of the COVID pandemic. (Ex. A, S.T. Dep., 60:4-61:4; 89:8-11).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1).

## 13.

She applied to the Rapid Re-Housing program for assistance, and the Rapid Re-Housing program paid for Plaintiff and her family to rent a room at the Budgetel. (Ex. A, S.T. Dep., 62:20-25; 65:2-66:1).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact, and is otherwise not material to the issues regarding the Defendants.

## 14.

Plaintiff's case manager from Rapid Re-Housing met her at the Budgetel and paid for Plaintiff's room there. (Ex. A, S.T. Dep., 64:5-17; 66:2-20).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact, and is otherwise not material to the issues regarding the Defendants.

15.

Plaintiff and her family moved into the Budgetel and almost immediately, Defendants' manager Shreesh Tiwari sexually assaulted Plaintiff and began sex trafficking her. Specifically, the day after she arrived at the motel, Defendants' manager instructed Plaintiff to sit down in the office, and when she did, he put his hand on the chair under her and began fondling her vagina and buttocks. (Ex. A, S.T. Dep., 144:3-23).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

16.

Plaintiff repeatedly told Defendants' manager to stop and rebuffed his sexual advances. (Ex. A, S.T. Dep., 144:3-23).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact.

17.

He then told Plaintiff that a truck driver named Hoyt was a very good customer at the motel, that Hoyt needed female companionship, and threatened to evict Plaintiff and her family if she did not comply. (Ex. A, S.T. Dep., 144:3-23; 149:9-20).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact.

18.

Plaintiff, with no choice other than to face eviction and homelessness, went to Hoyt's room where she found Hoyt and a prostitute named Carmen, who left shortly after Plaintiff arrived to take money to Defendants' manager Tiwari. (Ex. A, S.T. Dep., 141:3-8; 145:7-24).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

19.

Plaintiff was then threatened with eviction a second time if she did not perform oral sex and manually stimulate Hoyt's penis with her hand, and she reluctantly complied. (Ex. A, S.T. Dep., 140:2-142:9; 144:3-23).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact  and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

20.

The next day, Defendants' manager forced Plaintiff to touch his penis and thereafter threatened Plaintiff with eviction if she did not either perform oral sex on him or have sexual intercourse with him. (Ex. A, S.T. Dep., 151:25-152:18; 155:14-24).

**RESPONSE** Defendants object in that this proffered evidence does not support the respondent's fact.

21.

Trapped and with no choice, Plaintiff performed oral sex on Defendants' manager in the motel lobby's restroom. (Ex. A, S.T. Dep., 151:25-152:18; 155:14-24). There, Defendants' manager forced Plaintiff's head repeatedly on his penis until he ejaculated. (Ex. A, S.T. Dep., 151:25-152:18).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact.

22.

Fearing continued abuse and forced sexual contact with Defendants'
manager, Plaintiff went to the police on her sixth day at the motel. (Ex. A, S.T.
Dep., 154:24-155:6; 158:4-11).

**RESPONSE:** Defendants object in that this proffered evidence does
not support the respondent's fact, is otherwise not material to the issues
regarding the Defendants, and does not comply with LR 56.1(B)(1) because it
is stated as an issue or legal conclusion.

23.

Her fifteen-year-old son was with her at the police station, so in order to
shield him from the horrors that she had endured, Plaintiff reported at that time that
Defendants' manager made sexual remarks and propositioned her for sex, but she
did not reveal all of the details of the forced sexual contact. (Ex. A, S.T. Dep.,
159:10-13; 222:19-223:17).

**RESPONSE:** Defendants object in that this proffered evidence is  not
material to the issues regarding the Defendants, and does not comply with LR
56.1(B)(1) because it is stated as an issue or legal conclusion.

24.

When she returned to the motel, Defendants' manager evicted her for
rebuffing his continued sexual advances and for reporting him to the police. (Ex.
A, S.T. Dep., 161:18-24).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

25.

Defendant Bollepalli was at the motel every other day. (Ex. B, Rives Dep., 21:7-14).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants..

26.

Tiwari kept a gun and all the documents that he stole from Plaintiff's room in the motel safe that Bollepalli had access to. (Ex. A, Bollepalli Dep., 104:21-23, 113:4-25; Ex. F, A.H. Dep., 26:17-24; 90:16-91:20; 95:24-96:7).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

27.

Tiwari also used Defendants' computers – that Bollepalli had full access to – to document his trafficking. (Ex. A, Bollepalli Dep., 119:21-120:10).

**<u>Response</u>**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

28.

Defendants' computers contained photographs and videos of victims performing oral sex on Tiwari, screen shots of sexually suggestive texts messages between Tiwari and a victim, photographs of several trafficking victims, and payroll files, among other evidence that was readily available to Defendants. (Ex. I, DHS Report ROI DG15HR21DG0002-053).

**<u>Response</u>**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

29.

DHS's investigation revealed that at least five to seven women were trafficked by Tiwari at the Budgetel. (Ex. D, Rives Dep., 29:16-30:10; Ex. C at 11; Ex. E, Affidavit).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

30.

Beginning in 2016, Bollepalli visited the police station each year and asked for all police reports for the Budgetel. (Ex. A, Bollepalli Dep., 30:8-31:22).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

31.

The police gave him each year's reports and he read them. (Ex. A, Bollepalli Dep., 30:8-31:22).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

32.

These reports reflected numerous calls for service for a variety of crimes, including but not limited to theft, narcotics, domestic violence, prostitution, and sexual harassment. (Ex. D, Rives Dep., 15:9-21; Ex. X, Families Face Uncertain Future Following Mass Motel Eviction, The Daily Tribune News (Oct. 16, 2019).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

33.

DHS conducted numerous narcotics investigations at the Budgetel and it is located in a high crime area. (Ex. D, Rives Dep., 19:17-22, 88:13-18; 137:12-18).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the

Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

### 34.

Bollepalli also read the Google reviews of the Budgetel every month. (Ex. A, Bollepalli Dep., 121:17-21).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

### 35.

There, prior to Plaintiff's trafficking, Bollepalli learned, among other things, that the motel was reportedly "not clean, and drug infested", "disgusting... [a]lmost everyone is a drug addict", "[t]he people here are bad people and a big problem with drugs", "drug addicts and prostitutes", "[i]t looked like a cross between a crack house and a no-tell motel", "too much drug activity & just didn't feel safe sitting there", "[m]en coming and going in the room next to ours, all night", "knife mark's in the wall", "people fighting in the parking lot", "[t]his is the scariest place I've ever stayed!", and "if you need DRUG'S Budgetel is the place to go oh hell forgot the

most important things WHORE'S -Homewreakin Female's and Male's all over the place." (Ex. L, Google Reviews).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

36.

That isn't all that Defendants knew about. In 2019, almost 200 people were evicted from the motel after it was shut down by the Georgia Department of Public Health. The motel has a reputation with the local police forces as "one of the most crime-ridden areas in the county." (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

37.

In 2018 alone, there were more than 190 police incidents there, and by the time it was shut down in October 2019, there had already been 177 police incidents. (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

38.

Residents with outstanding warrants included one wanted for child pornography. (Ex. K).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

39.

In 2019, when the motel was shut down, Bartow County Commissioner Steve Taylor stated, "We've had dozens of arrests from drugs and prostitution out there,

and the living conditions for those children are horrible. That's the reason for this action to take place now." (Ex. K).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

40.

Taylor went on to say that no matter where the displaced children ended up, it would be an improvement over the Budgetel. (Ex. K).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

41.

Bollepalli instituted a 10:00 p.m. curfew at the motel due to its known drug activity. (Ex. D, Rives Dep., 21:7-14).

**Response**:  Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the

Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

42.

Despite the known and extensive crime at the Budgetel, Defendants never hired security. (Ex. A, Bollepalli Dep., 62:18-24).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

43.

Other than surveillance cameras and locking the lobby overnight, Defendants did nothing to keep their invitees safe. (Ex. A, Bollepalli Dep., 62:18¬63:11).

**Response**: Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

44.

Beginning in 2013, all motels were required to post a human trafficking notice "in a conspicuous place near the public entrance of the business or establishment or in another conspicuous location in clear view of the public and employees." O.C.G.A. § 16-5-47(b).

**Response**:   Defendants object in that this proffered evidence is not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

45.

Bollepalli does not know if a human trafficking notice was ever posted at the Budgetel. (Ex. A, Bollepalli Dep., 74:1-25).

**Response**:   Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

46.

If it was ever posted at all, the notice was not posted where Plaintiff could see it. (Ex. C, Bollepalli Dep., 106:19-21).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact, is otherwise not material to the issues regarding the Defendants, and does not comply with LR 56.1(B)(1) because it is stated as an issue or legal conclusion.

47.

Plaintiff told Agent Rives about her ordeal in a phone call early in his investigation and told him and his team all of the facts in detail during an in-person meeting later in the investigation. (Ex. A, S.T. Dep., 169:12-23; 171:15-23; 249:14-23).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

48.

Plaintiff also told her trusted family members what happened to her at the hands of Defendants' manager. (Ex. A, S.T. Dep., 106:2-20; 175:23-176:6).

**RESPONSE:** Defendants object in that this proffered evidence does not support the respondent's fact and is otherwise not material to the issues regarding the Defendants.

49.

Department of Homeland Security lead investigator and Special Agent Jim Rives testified that he was not surprised that Plaintiff waited to disclose all of the factual details of her ordeal, as it is not at all uncommon for victims to wait to disclose. (Ex. B, Rives Dep., 81:19-24; 94:18-95:2; 107:3-25).

**RESPONSE:** Defendants object in that this proffered evidence is not material to the issues regarding the Defendants and otherwise does not comply with the requirements of N.D. Ga. LR 56.1(B)(1) because it contains an issue or legal conclusion

Respectfully submitted this 13th   day of March, 2026.

                                      **HALL BOOTH SMITH, P.C.**

191 Peachtree Street, N.E.         */s/ Jacob O'Neal*
Suite 2900                           PHILLIP E. FRIDUSS
Atlanta, GA 30303-1775       Georgia Bar No. 277220
Tel:  404-954-5000               JACOB STALVEY O'NEAL
Fax:  404-954-5020              Georgia Bar No. 877316
Email:  pfriduss@hallboothsmith.com  *Counsel for Defendants*
Email:  joneal@hallboothsmith.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

S.T.,

                Plaintiff,

         v.

CARSON LOOP ESM, LLC d/b/a
BUDGETEL and SRINIVAS
BOLLEPALLI,

                Defendants.

CIVIL ACTION FILE NO:
4:24-CV-00225-WMR

**JURY TRIAL DEMANDED**

## CERTIFICATE OF SERVICE

I hereby certify that I have this day served the following counsel of record in this case with a true and correct copy of the foregoing **Response to Plaintiff's Statement of Additional Material Facts** upon all parties to this matter by depositing a true copy of same in the U.S. Mail, proper postage prepaid, addressed to counsel of record as follows and/or filing said document with the CM/ECF system which will automatically send electronic notification to the following:

Peter A. Law, Esq.
E. Michael Moran, Esq.
Denise D. Hoying, Esq.
**LAW & MORAN**
563 Spring Street, N.W.
Atlanta, GA 30308
pete@lawmoran.com
mike@lawmoran.com
denise@lawmoran.com
*Counsel for Plaintiff*

Patrick J. McDonough, Esq.
Jonathan S. Tonge, Esq.
Jennifer Webster, Esq.
**ANDERSEN, TATE & CARR, P.C.**
One Sugarloaf Centre
1960 Satellite Blvd, Suite 4000
Duluth, GA 30097
pmcdonough@atclawfirm.com
jtonge@atclawfirm.com
jwebster@atclawfirm.com
*Counsel for Plaintiff*

Sean William Martin, Esq.
Carr Allison, Esq.
633 Chestnut Street
Suite 2000
Chattanooga, TN 37450
swmartin@carrallison.com
sswanson@carrallison.com
*Counsel for Defendants*

Michael C. Kendall, Esq.
**KENDALL LEGAL, LLC**
3152 Golf Ridge Boulevard
Suite 201
Douglasville, GA 30135
mike@kendall-legal.com
*Counsel for Defendants*

Respectfully submitted this  13th  day of   March  , 2026.

**HALL BOOTH SMITH, P.C.**

*/s/ Jacob O'Neal*
PHILLIP E. FRIDUSS
Georgia Bar No. 277220
JACOB STALVEY O'NEAL
Georgia Bar No. 877316
*Counsel for Defendants*

191 Peachtree Street, N.E.
Suite 2900
Atlanta, GA 30303-1775
Tel:  404-954-5000
Fax: 404-954-5020

Email:  pfriduss@hallboothsmith.com
Email:  joneal@hallboothsmith.com